760 P.2d 1205

STATE of Idaho, Plaintiff–Respondent,

v.

Mario R. CHACON, Defendant–Appellant.

No. 16951.

Court of Appeals of Idaho.

Aug. 31, 1988.

Timothy L. Felton, of Masingill & Felton, Weiser, for defendant-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

## PER CURIAM.

Following plea negotiations, Mario Chacon entered guilty pleas to three counts of grand theft, one count of second degree burglary, two counts of petty theft, and one count of escape from a county jail. Chacon received a series of indeterminate sentences, some concurrent and some consecutive, aggregating a total of fifteen years. On appeal, Chacon contends his sentences are excessive. For the reasons explained below, we affirm the judgment imposing the sentences.

Chacon originally pled guilty to one count of grand theft, I.C. §§ 18–2403(3) and 18–2407(1), for stealing a VCR from a video store. While in jail awaiting sentencing, he took part in an escape with two other prisoners, Richard Johnson and Darryl Sheets. During the escape, the prisoners took property from the jail safe, from the property room, and from the jail attendant. They then fled the jail. The following morning, the three escapees broke into a nearby house. When the owner, Dwayne Kerner, returned home, he was confronted by Johnson and Sheets, and was wounded by a gunshot in the ensuing struggle. Kerner was then bound and the three escapees left the scene in Kerner's truck, taking with them additional property found in the house.

The escapees were apprehended in Pendleton, Oregon. Chacon waived extradition and was returned to Washington County. After plea negotiations, Chacon pled guilty to one count of escape from the county jail, I.C. § 18–2505, carrying a maximum sentence of five years; three counts of grand theft, I.C. §§ 18–2403(1) and 18–2407(1), each carrying a maximum sentence of fourteen years; one count of second degree burglary, I.C. §§ 18–1401, 18–1402 and 18–1404, carrying a maximum sentence of five years; and two counts of petty theft, I.C. § 18–2407(2), each carrying a maximum

sentence of one year. Charges against Chacon pertaining to the shooting of Kerner were dropped in the plea negotiations. Following a presentence investigation, Chacon was sentenced to concurrent sentences on the theft charges, not exceeding five years; to a consecutive indeterminate five years on the burglary count; and to another indeterminate term of five years for the escape, to be served consecutive to the burglary sentence, resulting in an aggregate term of fifteen years.

On appeal, Chacon argues that the sentencing judge abused his discretion by pronouncing cummulative sentences which were excessive and unreasonable under the circumstances. Chacon portrays his part in the criminal proceedings after the escape as that of an unwilling participant. He contends that Johnson and Sheets influenced him to take part in the escape plan, asserting that while in jail, Johnson and Sheets repeatedly told him that if he did not escape, he would never see his wife and children again. Chacon also maintains that once outside the jail, he was unable to flee from Johnson and Sheets because of threats of violence. Further, he submits that during his sentencing, the judge failed to consider his lack of prior convictions, and testimony of various witnesses who commented on his honesty and hard-working background.

We are unpersuaded by these arguments. No abuse of discretion occurs when a sentence is reasonable in light of the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). Our standard of appellate review in such cases is well settled. *See State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence within the statutory maximum will not be deemed excessive unless the appellant shows that under any reasonable view of the facts, the term of confinement is longer than appears necessary to accomplish the primary objectives of protecting society, and achieving the related goals of deterrence, rehabilitation, or retribution. *Id.* For the purpose of appellate review, we presume that the duration of confine-

ment under consecutive indeterminate sentences is deemed to be one-third of the aggregate facial terms of the sentences. *See State v. Lee*, 111 Idaho 489, 725 P.2d 194 (Ct.App.1986). Here the period of confinement on which we base our review is one-third of Chacon's total, consecutive sentences, or five years. The question is whether such a term of confinement is reasonable under the circumstances.

When evaluating an exercise of sentencing discretion, we conduct an independent review of the record. We focus upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). In this case, we find no abuse of discretion. The sentences received by Chacon were well within the maximum penalties which the judge could have imposed. Further, Chacon committed eight separate crimes, most of which were done in complicity with his fellow escapees. The record indicates that the judge took into consideration Chacon's character, including the testimony of witnesses who spoke in his behalf. It is also apparent that the judge considered the seriousness of the crimes, and the impact lesser sentences would have on Chacon and society. Finally, the judge reasoned that although Chacon may have been coerced into escaping with Johnson and Sheets, he undertook the escape under his own free will, and could have departed from his fellow escapees several times during their flight. Although Chacon argues the sentences imposed are much greater than those required to insure his rehabilitation, we will not substitute our judgment for that of the sentencing judge where reasonable minds might differ. *State v. Toohill*, *supra*. Considering the nature of the crimes committed by Chacon, we do not believe the sentences are unreasonable. Because Chacon has failed to show an abuse of discretion, the judgment imposing the sentences is affirmed.