788 P.2d 863

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Monserratt LEYVA, Defendant–Appellant.**

No. 17925.

Court of Appeals of Idaho.

March 20, 1990.

---

John K. Gatchel, Gem County Public Defender, Payette, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent. Myrna A.I. Stahman, argued.

WALTERS, Chief Judge.

This is a sentence review case. Following plea negotiations, Monserratt Leyva pled guilty to kidnapping and to raping a fifteen-year-old girl. I.C. §§ 18–6101, –4501, –4503. Leyva received concurrent unified sentences of twenty years, each with a five-year minimum period of confinement. On appeal, Leyva contends that his sentences are excessive. We affirm.

The essential facts of this case, disclosed by the presentence investigation report, are as follows. Leyva and his wife are the godparents of the victim. They invited the victim to accompany them to a store near Caldwell, in Canyon County. Upon arrival at the store, Leyva's wife departed, leaving Leyva and the victim alone in the car. After his wife left, Leyva drove north into the foothills near Emmett (Gem County), Idaho, and, threatening her with a revolver, allegedly assaulted and raped the victim. Leyva then drove the victim to Horseshoe Bend, Idaho, where she escaped from Leyva when they stopped at a restaurant.

Leyva was subsequently arrested on charges filed by the Gem County prosecutor, alleging the commission of rape, kidnapping, possession of a firearm while committing a felony and of assault with intent to commit a serious felony. Plea negotiations ensued, and Leyva eventually pled

guilty to one count of rape and to one count of kidnapping in the first degree. In return for these pleas, the prosecutor agreed to dismiss the other charges and also arranged with the Canyon County prosecutor for dismissal of an additional kidnapping charge filed in that county, involving this same incident. At the time Leyva entered his guilty plea, the prosecutor announced that he would recommend concurrent, unified twenty-year sentences—with a five-year minimum period of confinement—for the kidnapping and rape offenses. Leyva's attorney then commented "[y]our Honor this is my understanding of the plea negotiations." Leyva also confirmed to the court that he understood the plea negotiation outlined by the prosecutor, which included the prosecutor's sentencing recommendation. Again, at Leyva's sentencing hearing, Leyva's attorney stated that "I concur with the recommendation of the prosecutor with the five-year fixed and the fifteen [years] indeterminate." A presentence report indicated that the victim had suffered severe emotional trauma and that Leyva had shown no remorse. The court thereafter imposed the sentences recommended by the prosecutor.

Leyva timely appealed from the judgment of conviction. Later, he filed a motion with the district court to have his sentences reduced. In this motion, he also asserted that he had not received a proper credit for time served in jail before his sentences were imposed. The court entered an amended judgment correcting the credit for the time served but otherwise denied Leyva's motion to reduce the sentences.

On appeal to this Court, it was discovered that Leyva's sentence for the kidnapping charge was illegal because the minimum sentence provided for first degree kidnapping is life imprisonment. *See* I.C. § 18–4504; *State v. Nellsch*, 110 Idaho 594, 716 P.2d 1366 (Ct.App.1986). On order of this Court, the case was temporarily remanded to the district court for resentencing or, in the alternative, to allow Leyva to withdraw his plea. I.A.R. 13.3. On remand, Leyva was permitted to withdraw the plea of guilty to first degree kidnap-

ping and then entered a plea of guilty to an amended charge of kidnapping in the second degree. I.C. § 18–4503. Leyva was resentenced to the same concurrent unified sentences. The case was thereafter returned to this Court for further appellate review.

We first note our standard of review. Sentencing decisions are within the discretion of the trial court. *See State v. Chacon*, 114 Idaho 789, 760 P.2d 1205 (Ct. App.1988). Upon review of a sentence imposed pursuant to the Unified Sentencing Act, I.C. § 19–2513, our attention is focused primarily upon the minimum period of confinement specified by the sentencing judge. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). In evaluating the reasonableness of such confinement, we continue to apply the substantive criteria articulated in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). To the extent that the minimum period of confinement represents the judicially determined "price" of a crime, we will consider whether the sentence primarily satisfies the goals of retribution and deterrence. *State v. Sanchez, supra.* In so far as the duration of confinement also establishes a prospective time frame for evaluation of the prisoner's eventual suitability for parole, we will secondarily consider the related goals of rehabilitation and protection of society. *Id.* When evaluating an exercise of the district court's sentencing discretion, we will conduct an independent review of the record, focusing upon the nature of the offense and the character of the offender. *State v. Chacon, supra.*

On appeal, Leyva contends, for various reasons, that the district judge abused his sentencing discretion. First, he submits that the length of the indeterminate portion of his sentences (fifteen years) is excessive given the circumstances of his case. As Leyva points out he is a first-time offender with no prior criminal record other than two deportation proceedings. As a result, Leyva asserts that—rather than imposing a prison sentence—the district judge should have considered placing him on probation. *See State v. Bylama*,

103 Idaho 472, 649 P.2d 1228 (Ct.App.1982) (review denied) (ordinarily first-time offenders are accorded more lenient treatment than habitual criminals). Leyva next argues that the district judge failed to consider other "goals" of sentencing—namely rehabilitation and protection of society—when pronouncing the indeterminate portion of his sentences. Finally, Leyva submits that he is the victim of discrimination by the criminal justice system because he is Hispanic, and not a United States citizen.

Based upon our review of the entire record, we see no abuse of the district judge's sentencing discretion. Moreover, Leyva's contention that his sentences are excessive falls squarely within the ambit of our recent opinion in *State v. Carper,* 116 Idaho 77, 773 P.2d 1164 (Ct.App.1989), regarding invited error. In *Carper* we said:

> The invited error doctrine is well settled in Idaho. A defendant may not request a particular ruling by the trial court and later argue on appeal that the ruling was erroneous. This doctrine applies to sentencing decisions as well as to rulings during trial.
>
> There are, of course, limits to this doctrine. It would not apply to a requested sentence that violates the court's statutory authority. Neither would it apply to a request made without any apparent tactical purpose. Moreover, relief might be appropriate if defense counsel heedlessly disregarded his client's legitimate interests, or otherwise provided ineffective assistance, in a sentencing proceeding.

116 Idaho at 79–80, 773 P.2d at 1166–67, *quoting State v. Griffith,* 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct.App.1986).

In the present case, Leyva's attorney stated twice before the district judge that the recommended sentences were appropriate given the plea negotiations entered into by Leyva. In addition, the district judge took time to question Leyva about the reasonableness of his plea. The plea of guilty was "conditional" in the sense that the judge was bound not to impose a sentence which exceeded the prosecutor's recommendation. Clearly, Leyva agreed to the recommendation, as shown by the statements of his counsel. The plea agreement was made under I.C.R. 11(d)(1)(A) and (C) because it involved dismissal of other charges and an agreement that a specific sentence would be the appropriate disposition of the case. Moreover, Leyva was told that if the court determined the recommended sentence to be inappropriate, the court would permit Leyva to withdraw his guilty plea.

Under these circumstances, Leyva is in a poor situation to question the length of his negotiated sentences. His case invokes none of the exceptions to the invited error rule as outlined in *Carper.* The sentences are clearly within the statutory authority; indeed, he could have received a fixed sentence of life for his rape conviction, I.C. § 18–6104, and an additional fixed sentence of twenty-five years for his conviction of kidnapping in the second degree. I.C. § 18–4504(2). The sentences could have been ordered to be served consecutively, under I.C. § 18–308. Furthermore, it appears obvious from the record that Leyva pled guilty to the rape and kidnapping charges to avoid further punishment for the charges of possession of a firearm and assault. There is also no contention by Leyva that his attorney disregarded his interests during the plea negotiations, or that he received ineffective assistance of counsel at the time of sentencing.

Likewise, we fail to find merit in Leyva's other contentions. The concurrent sentences are reasonable in relation to the crimes committed. The five-year minimum period of confinement is consistent with the sentencing goals of retribution and deterrence. The district judge also correctly stated that Leyva did not meet any of the criteria for probation. There is no evidence in the record which would indicate that either the judge or the prosecutor in this case was prejudiced in his dealings with the defendant.

The judgment of conviction, including the sentences, is affirmed.

BURNETT and SWANSTROM, JJ., concur.