790 P.2d 375

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Wayne Lew WAY, Defendant–Appellant.**

**No. 18145.**

Court of Appeals of Idaho.

April 3, 1990.

David N. Parmenter, Blackfoot, for defendant-appellant.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is an appeal from a judgment of conviction and sentence imposed following a plea of guilty by the appellant, Wayne Way, to a charge of delivery of a controlled substance, I.C. § 37–2732(a). Way contends that his plea was not voluntary and that his unified sentence of twenty years with a minimum period of incarceration of ten years was an abuse of the district court's sentencing discretion. For reasons explained below, we affirm.

The record in this case shows that Way was charged by information with a violation of I.C. § 37–2732(a), delivery of a schedule II controlled substance, after he sold a gram of cocaine to another person in March, 1988. The delivery had been monitored on an electronic listening device by an investigator with the Idaho Department of Law Enforcement. Way entered a plea of not guilty to the charge. Subsequently, Part II of the information was filed, alleging that Way was a persistent violator under I.C. § 19–2514 because he had two prior convictions for felonies—one in 1975 and the other in 1983—both for deliveries of controlled substances. Way also entered a not guilty plea to this allegation.

Later, pursuant to a plea agreement, Way entered a guilty plea to the charge of delivery of a controlled substance. The plea agreement called for the state to amend Part II of the information, deleting the persistent violator allegation and substituting an allegation that the three-year minimum sentencing provision of I.C. § 37–2739A was applicable because of Way's previous conviction in 1983 for delivery of a controlled substance.[1] The prose-

---

1. I.C. § 37–2739A provides as follows:
   Any person who is convicted of violating the felony provisions of section 37–2732(a), Idaho Code, by distributing controlled substances to another person and who has previously been convicted within the past ten (10) years in a court of the United States, any state or a political subdivision of one or more felony offenses of dealing, selling or trafficking in controlled substances on an occasion or occasions different from the felony violation of section 37–2732(a), Idaho Code, and which offense or offenses were punishable in such court by imprisonment in excess of one (1) year, shall be sentenced to the custody of the state board of correction for a mandatory minimum period of time not less than three (3) years or for such greater period as the court may impose up to a maximum of life imprisonment. The mandatory minimum period of three (3) years incarceration shall not be reduced and shall run consecutively to any other sentence imposed by the court.

cutor also agreed to recommend that the three-year minimum portion of the sentence run concurrently with a six-year sentence remaining to be served on the 1983 conviction, as the result of a parole violation.

The prosecutor later decided that the three-year minimum sentence could not run concurrently with the balance of Way's existing six-year sentence but instead would have to run consecutively. In light of this change to the plea arrangement, the district court told Way that he could withdraw his plea of guilty and have a trial if he desired. Way informed the court he did not wish to withdraw his plea, and that he desired to go ahead with sentencing. The court then imposed a twenty-year sentence with a ten-year minimum period of confinement. The court ordered that the "three-year enhancement" under I.C. § 37–2739A be included within the ten-year minimum confinement, and that the entire sentence run concurrent with any parole violation sentence. Way then filed this appeal, claiming that his plea had not been voluntarily entered and that his sentence was excessive.

### Voluntariness of Plea

Way argues that his plea of guilty was not entered voluntarily because he lacked an understanding of the consequences to follow. His contention is based upon dialogue in the record showing confusion as to application of the minimum mandatory sentence required under I.C. § 37–2739A. He also asserts that his plea was defective because he was not informed of the possibility he could receive a life sentence under the provisions of section 37–2739A. We will address each of these arguments in turn.

### A

■ The record indeed shows initial confusion on the part of counsel and the court with regard to the mandatory sentence statute, although the record is clear in one respect—on numerous occasions the court elicited Way's awareness that the court was not bound by any sentencing recom-

mendations. In the plea bargain, the state agreed to recommend that the minimum three-year sentence be served concurrently with the existing six-year sentence remaining to be served, as a result of the parole violation, on Way's 1983 conviction. Later, after Way's guilty plea had been accepted by the court, the state concluded that the minimum sentence could not be served concurrently with previous sentences because of language in the statute providing that the minimum period of incarceration "shall run consecutively to any other sentence imposed by the court." The state interpreted this portion of the statute to require that the three-year mandatory sentence should be added to the balance of the sentence remaining for the 1983 conviction. Picking up on this concept during the sentencing proceeding, the court queried Way about his understanding of the three-year sentence required under I.C. § 37–2739A. Way informed the court that he initially was told the sentence would be served concurrently with any sentence resulting from revocation of his parole, but that he understood now that the minimum three-year period would have to be served in addition to that sentence.

In light of these responses, the court offered to permit Way to withdraw his guilty plea and recessed the proceeding for twenty-four hours to allow Way to discuss the matter with his attorney. When the court reconvened the next day, Way informed the court that he did not wish to change his plea. After reviewing Way's presentence report and hearing recommendations both by the state and by Way's counsel, the court imposed the unified sentence of twenty years with a minimum period of incarceration of ten years, embracing the three-year mandatory sentence required by I.C. § 37–2739A. As noted above, the court ordered that the sentences should be served concurrently with the balance of any sentence remaining for violation of parole on the 1975 and 1983 sentences.

■ We note preliminarily that the district court substantially complied with I.C. § 37–2739A. This statute requires a mini-

mum three-year fixed term be imposed on a second-time trafficker in drugs and that the minimum three-year term run consecutive to any other sentence imposed *at the same time* by the court for a felony violation of I.C. § 37–2732(a). Because the court imposed a minimum ten-year fixed term in this case, the court in effect followed the statute, even though the court ordered that the ten-year fixed sentence include the three-year minimum and that it run concurrent with any sentence remaining as a result of Way's parole revocation. It is apparent that the court read the statute to give Way the benefit of any possible doubt in its meaning.

The court's approach reconciled two sentencing statutes adopted at different times by the legislature. I.C. § 37–2739A was enacted in 1981 (*See* 1981 Idaho Sess.Laws, ch. 88, § 1, p. 122) during the period when Idaho's indeterminate sentence law was in effect. It is clear from I.C. § 37–2739A that the legislature intended that mandatory minimum sentences be imposed for violations defined in that statute, notwithstanding the indeterminate sentence law. The indeterminate sentence law subsequently was modified in 1986 (*see* 1986 Idaho Sess.Laws, ch. 232, § 3, p. 638) when the present Unified Sentencing Act, I.C. § 19–2513, was adopted. From this perspective, we conclude that—when I.C. § 37–2739A is applicable to a given case—it is permissible for a sentencing court to order a minimum period of incarceration under I.C. § 19–2513 that includes the minimum mandatory requirement of three years set forth in I.C. § 37–2739A. As applied by the district court in the present case, we discern no prejudice to Way.

In a related argument, Way suggests that the dialogue in the courtroom concerning whether the three-year mandatory sentence would be added to the remaining six-year balance of his sentence for the 1983 conviction could have easily led him to believe that his "liability" at sentencing, flowing from application of section 37–2739A, was limited to nine years. However, this argument is not persuasive. There is nothing in the record to show that Way actually was misled on this point. On several occasions throughout the proceedings in district court, Way was reminded by the court that the charge against him—delivery of a schedule II controlled substance—carried a maximum penalty of life imprisonment, and that the court was not bound by any sentencing recommendations. On each occasion, Way acknowledged to the court that he understood the maximum penalty for the crime. Based upon this record, we cannot find that Way was misled, that his plea of guilty was involuntary or that he lacked an understanding of the consequences of his plea.

B

We turn next to Way's contention that his plea was defective because he was not informed of the possibility of a life sentence under I.C. § 37–2739A. Way relies on I.C.R. 11, which provides in part that—before a plea of guilty is accepted—the record must show "(2) The defendant was informed of the consequences of the plea, including minimum and maximum punishments, and other direct consequences which may apply." He points to the provision in I.C. § 37–2739A which states that an accused shall be sentenced for a mandatory minimum period of three years "or for such greater period as the court may impose up to a maximum of life imprisonment." He argues, correctly, that the record in this case does not demonstrate that he was ever informed he could receive a life sentence by application of section 37–2739A.

However, we believe it was not necessary for the court to resort to section 37–2739A for authority to impose a life sentence as a maximum penalty. The offense with which Way was charged—delivery of a schedule II controlled substance—carries with it the maximum possible penalty of life imprisonment. *See* I.C. § 37–2732(a)(1)(A). The record clearly establishes that he was aware of that maximum penalty when his plea of guilty was accepted by the district court. We hold that Way's plea was not defective on the grounds asserted.

*Sentence*

■ Finally, we turn to a review of the term of the sentence imposed in this case. Way contends that his sentence is unduly harsh, constituting an abuse of the court's sentencing discretion.

■ We first note our standard of review. Sentencing decisions are within the discretion of the trial court. *See State v. Chacon*, 114 Idaho 789, 760 P.2d 1205 (Ct. App.1988). Upon review of a sentence imposed pursuant to the Unified Sentencing Act, our attention is focused primarily upon the minimum period of confinement specified by the sentencing judge. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). In evaluating the reasonableness of such confinement, we continue to apply the substantive criteria articulated in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). To the extent that the minimum period of confinement represents the judicially determined "price" of a crime, we will consider whether the sentence primarily satisfies the goals of retribution and deterrence. *State v. Sanchez, supra*. Insofar as the duration of confinement also establishes a prospective time frame for evaluation of the prisoner's eventual suitability for parole, we will secondarily consider the related goals of rehabilitation and protection of society. *Id.* When evaluating an exercise of the district court's sentencing discretion, we conduct an independent review of the record, focusing upon the nature of the offense and the character of the offender. *State v. Chacon, supra.*

As noted, the present conviction is the third one for delivery of a controlled substance by Way. He previously had been sentenced to an indeterminate term of ten years on the 1975 conviction and to a fifteen-year indeterminate sentence for the 1983 conviction. The district court found that the prior sentences have been unsuccessful in rehabilitating Way or deterring him from continued criminal activity of the same nature. The court determined that there was a considerable risk that Way would commit another crime. The court concluded that society was in need of protection from Way and that any further efforts at rehabilitation should be undertaken in a structured environment rather than on probation or parole. We find under the circumstances that the imposed sentence was reasonable. Applying the *Toohill* and *Sanchez* criteria, we conclude that the district court did not abuse its sentencing discretion.

The judgment of conviction, including the sentence, is affirmed.

BURNETT and SWANSTROM, JJ., concur.