IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39713

| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 638 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 17, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| PHILLIP T. MADRID, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Judgment of conviction and unified sentence of four years, with a minimum period of confinement of two years, for failure to register as a sex offender, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Phillip T. Madrid pled guilty to failure to register as a sex offender. Idaho Code § 18-8309(1). The district court sentenced Madrid to a unified term of four years, with a minimum period of confinement of two years, suspended the sentence, and placed Madrid on supervised probation for four years. Madrid appeals asserting that the district court abused its discretion by imposing an excessive sentence.

The district court accepted an Idaho Criminal Rule 11 plea agreement, which called for the sentence which Madrid received. Thus, Madrid requested the sentence which he received. The doctrine of invited error applies to estop a party from asserting an error when his or her own

1

conduct induces the commission of the error. *Thomson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009). One may not complain of errors one has consented to or acquiesced in. *Id*. In short, invited errors are not reversible. *Id*. This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Leyva*, 117 Idaho 462, 465, 788 P.2d 864, 867 (Ct. App. 1990). Having requested the sentence he received through a Rule 11 plea agreement, Madrid cannot now challenge his sentence as an abuse of the court's discretion.

Therefore, Madrid's judgment of conviction and sentence are affirmed.