**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39896**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 669** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: October 12, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CHRISTOPHER ALLAN HOLL,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Judgment of conviction and unified sentence of nine years, with a minimum period of confinement of three years, for trafficking in methamphetamine, <u>affirmed</u>.

Brady Law, Chartered; Eric D. Fredericksen, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Christopher Allan Holl pled guilty to trafficking in methamphetamine. Idaho Code § 37-2732B(a)(4). The district court sentenced Holl to a unified term of nine years, with a minimum period of confinement of three years. Holl appeals asserting that the district court abused its discretion by imposing an excessive sentence.

The district court accepted an Idaho Criminal Rule 11 plea agreement, which called for the sentence which Holl received. Thus, Holl requested the sentence which he received. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *Thomson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009). One may not complain of errors one has consented to or acquiesced in. *Id*.

1

In short, invited errors are not reversible. *Id*. This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Leyva*, 117 Idaho 462, 465, 788 P.2d 864, 867 (Ct. App. 1990). Having requested the sentence he received through a Rule 11 plea agreement, Holl cannot now challenge his sentence as an abuse of the court's discretion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Holl's judgment of conviction and sentence are affirmed.