**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40054**

| | |
|---|---|
| STATE OF IDAHO, | ) 2013 Unpublished Opinion No. 302 |
| | ) |
| Plaintiff-Respondent, | ) Filed: January 2, 2013 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| JOSE MARTIN CRUZ-MENDEZ, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of three years, for trafficking in cocaine, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Jose Martin Cruz-Mendez pled guilty to trafficking in cocaine. Idaho Code § 37-2732B(a)(2)(A). The district court sentenced Cruz-Mendez to a unified term of seven years, with a minimum period of confinement of three years. Cruz-Mendez appeals asserting that the district court abused its discretion by imposing an excessive sentence.

The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *Thomson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009). One may not complain of errors one has consented to or acquiesced in. *Id*. In short, invited errors are not reversible. *Id*. This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Leyva*, 117 Idaho 462, 465, 788 P.2d 864, 867 (Ct.

1

App. 1990).  Having requested the sentencing determination he received, Cruz-Mendez cannot now challenge the district court's sentencing determination as an abuse of the court's discretion.

Therefore, Cruz-Mendez's judgment of conviction and sentence are affirmed.