IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 39977

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 464 |
|---|---|---|
| Plaintiff-Respondent, | ) ) | Filed: April 25, 2013 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| PAUL D. VOWLES, | ) ) | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | ) ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Caribou County. Hon. Mitchell W. Brown, District Judge.

Judgment of conviction and unified sentence of six years with a minimum period of confinement of two and one-half years for possession of methamphetamine, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge
_____

PER CURIAM

Paul D. Vowles was convicted of possession of methamphetamine, Idaho Code § 37-2732(c)(1). The district court sentenced Vowles to a unified term of six years with three years determinate and retained jurisdiction. At the conclusion of the retained jurisdiction program, the district court suspended Vowles' sentence and placed him on probation. Subsequently, Vowles admitted to violating several terms of the probation, and the district court consequently revoked probation but retained jurisdiction a second time. Upon completion of retained jurisdiction, Vowles was again placed on probation. A report of probation violation was filed. Vowles admitted the violation and requested that the district court revoke probation and reduce his

1

determinate term by six months. The district court imposed a reduced sentence of six years with two and one-half years determinate. Vowles appeals, contending the district court abused its discretion in revoking probation.

The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *Thompson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009). One may not complain of errors one has consented to or acquiesced in. *Id.* In short, invited errors are not reversible. *Id.* This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Leyva*, 117 Idaho 462, 465, 788 P.2d 864, 867 (Ct. App. 1990). Having requested the revocation of his probation, Vowles cannot now challenge the district court's order revoking probation.

Therefore, the order revoking probation and directing execution of Vowles' reduced sentence is affirmed.