**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40302**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 475** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: May 1, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **IJA FLAPPINGEAGLE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction and unified sentence of fourteen years with a minimum period of confinement of five years, and consecutive five-year indeterminate term, for two counts of grand theft, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Ija Flappingeagle was indicted on eight counts of grand theft with an enhancement for being a persistent violator. Pursuant to a binding plea agreement, Flappingeagle pleaded guilty to two counts of grand theft, Idaho Code §§ 18-2403(1); 18-2407(1)(b). The State dismissed the remaining charges and the enhancement; agreed to recommend consecutive sentences of fourteen years with five years determinate on the first count, and five years indeterminate on the second count; and reduced a felony eluding charge to a misdemeanor in a separate case. The district court sentenced Flappingeagle to a unified term of fourteen years with a minimum period of confinement of five years on the first count, and a consecutive five-year indeterminate term on

1

the second count. Flappingeagle filed an Idaho Criminal Rule 35 motion for reduction of sentence which the district court denied. Flappingeagle appeals, contending that his sentences are excessive.

In his reply brief on appeal, Flappingeagle concedes that he requested the sentence that was imposed. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *Thompson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009). One may not complain of errors one has consented to or acquiesced in. *Id*. In short, invited errors are not reversible. *Id*. This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Leyva*, 117 Idaho 462, 465, 788 P.2d 864, 867 (Ct. App. 1990). Having consented to the sentencing determination he received, Flappingeagle cannot now challenge the district court's sentencing determination as an abuse of the court's discretion.

Therefore, Flappingeagle's judgment of conviction and sentences are affirmed.