## DILLINGHAM v. COMMONWEALTH.

Court of Appeals of Kentucky.

June 6, 1952.

828

William F. Bennett, Owensboro, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

COMBS, Justice.

Anna Louise Dillingham has filed motion for an appeal from a judgment sentencing her to 90 days in jail on a charge of involuntary manslaughter. The indictment charged her with contributing to the death of Ronald Hope, a two-year old child, by surreptitiously abandoning her duties as a "baby sitter" and going out on a date with a soldier. During her absence the house in which Ronald and his sister, age 21 months, were asleep caught fire and the children suffocated.

No supersedeas bond was executed and it appears from the record that appellant has served the jail sentence pronounced by the court. The Attorney General has filed motion to dismiss the appeal as moot. In response to the motion, appellant states she is now in jail in default of bond on an indictment charging her with the death of Ronald's sister, and it is suggested that we should write an opinion in this case for the benefit of the circuit court in the trial of the other case.

Clearly, the case is moot. Since appellant has already satisfied the sentence of the court, we could make no order on this appeal which would affect her status. We cannot remit the jail sentence already served, and even if we should decide the sentence should not have have been imposed, the opinion could not afford appellant any effectual relief in this case.

This Court has always adhered to the fundamental policy that it has no mandate from the Constitution or the Legislature to engage in the discussion of purely academic or moot questions. The rule is based on the historical premise that it is the duty of courts to try actual controversies between litigants, and not to disseminate gratuitous advice. The possibility that a gratuitous opinion might be of assistance in future litigation does not change the rule or minimize the reason for the rule.

If appellant is convicted on the indictment now pending, the statute provides an adequate method by which she may bring her case to this Court for review. If, as stated by counsel, she cannot comply with the terms of the statute as to execution of an appeal bond, the answer is that an appeal is a privilege and not an inherent right. As a condition precedent to the exercise of the privilege, the litigant must comply with the statute under which the appeal is granted. Regardless of the question of appeal, appellant still has the protection of the constitutional mandate which guarantees her a fair and impartial trial by a jury of her peers in a lawfully constituted court.

It was held in the case of Hudspeth v. Commonwealth, 204 Ky. 606, 265 S.W. 18, that an appeal would be dismissed which was perfected solely for the purpose of testing the legality of a jail sentence which had already been served. We reaffirm that ruling.

The appeal is dismissed.