772 P.2d 241

**James A. ADAMS, Petitioner–Appellant,**

**v.**

**Vaughn KILLEEN, Sheriff; Larry
Richards, Legal Advisor,
Respondents.**

**No. 17508.**

Court of Appeals of Idaho.

April 5, 1989.

James A. Adams, pro se.

Jim Jones, Atty. Gen. by Myrna A.I.
Stahman, Deputy Atty. Gen., and Larry
Richards, Boise, for respondents.

SWANSTROM, Judge.

This appeal arises from the dismissal of
an inmate's petition for writ of habeas cor-
pus. James Adams was convicted of for-
gery in October 1987 and received a sen-
tence of seven years. The sentence was
suspended and Adams was placed on proba-
tion. As a condition of the probation
Adams was required to serve one year in
the Ada County jail, during which time he
could not violate any jail rules. In January
1988 Adams was involved in a dispute with
a jailer which resulted in a jail disciplinary
hearing. Adams was accused of commit-
ting rule violations. A hearing officer
found Adams had violated the rules. As a
result Adams was denied visitation and
commissary privileges for three weeks and
was placed on twenty-three hour lock down
for the duration of his incarceration.

Adams subsequently filed a petition for
writ of habeas corpus, claiming that the
hearing had been conducted in violation of
the county jail hearing guidelines. Specifi-
cally, Adams alleged that the jail discipli-
nary hearing had not taken place within a
required seventy-two hour period from the
time the hearing was requested. A magis-
trate denied the petition. He concluded
that the failure to hold the jail disciplinary
hearing within the time requirements con-
tained in the county's jail manual did not
invalidate the entire hearing process.
Adams appealed the magistrate's order to
the district court. The case was assigned
to District Judge Schwartzman.

■ During this time separate probation
violation · proceedings were instituted
against Adams in the criminal case. A
hearing was conducted by District Judge
G.D. Carey. The judge made a finding that
Adams had violated jail rules and conse-
quently had also violated the conditions of
his probation. Judge Carey revoked the
probation and ordered the balance of

Adams' suspended seven-year sentence for forgery to be executed. Adams was removed from the Ada County jail and transferred to the Idaho State Correctional Institution (ISCI). Following this transfer Judge Schwartzman dismissed Adams' habeas corpus appeal as moot. Adams now appeals this order, arguing that the district court erred in ruling that his transfer to the penitentiary rendered the issues raised by his petition moot. We affirm.

In general, a case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Murphy v. Hunt,* 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). At least two exceptions to the mootness doctrine have evolved: the "collateral consequences" exception and "capable of repetition, yet evading review" exception. *Id.; Russell v. Fortney,* 111 Idaho 181, 722 P.2d 490 (Ct. App.1986). Adams contends only that the "collateral consequences" exception is applicable here.

A criminal case will be found moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction. *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1912, 20 L.Ed.2d 917 (1968); *Smith v. State,* 94 Idaho 469, 491 P.2d 733 (1971). This is true even where the unlawful conditions of detention or term of imprisonment imposed by the challenged conviction have ended. *See Russell v. Fortney, supra.* This rule also applies where "the alleged collateral consequences flow not from a conviction, but from [a] prison disciplinary action affecting the terms of the prisoner's present or future restraint." *Calkins v. May,* 97 Idaho 402, 403, 545 P.2d 1008, 1009 (1976).

Adams argues that his challenged jail disciplinary hearing had, as collateral legal consequences, the subsequent revocation of his probation and the ordered execution of his original sentence. We are not persuaded. The record does not support Adams' argument that his probation was revoked as a result of his jail disciplinary hearing. The record shows instead that, at the probation violation hearing, the state produced testimony resulting in an independent determination by Judge Carey that Adams had violated the Ada County jail rules. The transcript of the probation violation hearing shows that the conclusions of the jail disciplinary hearing officer were not accepted into evidence nor utilized by Judge Carey in his ultimate finding that Adams had violated terms of probation by committing violations of the Ada County jail rules. Although the jail disciplinary officer had previously found Adams in violation of the jail rules, the effect of his determination extended no further than the revocation of certain county jail privileges. The hearing officer's decision did not provide the basis for Adams' subsequent probation revocation. When Adams was transferred to the ISCI the conditions of detention imposed as a result of the jail disciplinary hearing ended. No collateral consequences from this disciplinary hearing remained and in turn Adams' petition for writ of habeas corpus was rendered moot.

Adams has raised two ancillary issues dealing with the jail disciplinary hearing which we need not discuss.

The district court order dismissing Adams' appeal is affirmed.

WALTERS, C.J., and BURNETT, J., concur.