773 P.2d 1164

STATE of Idaho, Plaintiff–Respondent,

v.

Samuel L. CARPER, Defendant–Appellant.

No. 17586.

Court of Appeals of Idaho.

May 8, 1989.

Ada County Public Defender by August Cahill, Boise, for defendant-appellant.

**78**

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BENGTSON, Judge Pro Tem.

This is a sentence review case. In addition to the usual question of sentence excessiveness, it presents ancillary issues of mootness and invited error. We affirm.

Appellant, while an inmate in the Idaho State Penitentiary, was charged by a criminal information filed in the district court in Ada County with the felony offense of possession of a controlled substance (marijuana) by an inmate, in violation of I.C. § 18–2511. Appellant entered a plea of not guilty. Subsequently, through his attorney, appellant filed a motion to dismiss the information based upon "discriminatory prosection of the defendant," and a second motion to dismiss upon the ground that the statute under which appellant was charged was unconstitutional. In the alternative, appellant sought reduction of the charge to a misdemeanor. The motions were denied.

Plea negotiations ensued. The state moved, pursuant to the plea agreement, to amend the criminal information to charge a misdemeanor offense of possession of a controlled substance (marijuana). The court granted the motion and appellant entered a plea of guilty to the misdemeanor charge. The plea agreement left the sentence to the court's discretion. Appellant received a thirty-day sentence in the Ada County jail, to run concurrently with the sentence being served by appellant in the penitentiary.

Appellant thereafter filed a timely appeal "against the Judgment of Conviction entered" and "the sentence imposed." The notice of appeal was, however, filed after the expiration of the thirty-day jail sentence. Nevertheless, appellant, in his brief, specified only one issue on appeal:

> Whether or not the District Court abused its discretion in imposing a thirty day sentence for the crime of Possession of a Controlled Substance by an Inmate, [a] misdemeanor.

■ Rule 35, I.A.R., mandates that an appellant's brief set out "a list of the issues presented on appeal...." In *State v. Hoisington*, 104 Idaho 153, 657 P.2d 17 (1983), the Idaho Supreme Court held that since I.A.R. 35 requires issues and argument thereon to be presented in the parties' briefs, it would not review any issue not so raised and argued in the briefs:

> This Court has consistently followed the rule that it will not review the actions of a district court which have not been specifically assigned as error[,] [e]specially where there are no authorities cited nor argument contained in the briefs upon the question.

104 Idaho at 159, 657 P.2d at 23, *quoting from Bolen v. Baker*, 69 Idaho 93, 99, 203 P.2d 376, 379 (1949). Accordingly, in the present case, we will not address any question relating to the propriety of the charge to which appellant pled guilty or to the entry of judgment on the plea. Our focus is limited to the thirty-day jail sentence.

On that issue, the state contends that this appeal should be dismissed for mootness because the jail sentence has long since been fully served by appellant. Indeed, the sentence had been fully served by appellant well before his notice of appeal was filed. This Court, in *Adams v. Killeen*, 115 Idaho 1034, 772 P.2d 241 (Ct.App. 1989), recognized that, with certain exceptions, "a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," *citing Murphy v. Hunt*, 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982).

A broad dictum in *St. Pierre v. United States*, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1943), discusses the applicability of the mootness doctrine in a situation where the defendant has already served his sentence; and in *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), the doctrine of mootness is recognized as being applicable to criminal cases—subject, again, to certain exceptions. Rather than dealing with this appeal by an in-depth discussion of the doctrine of mootness and

its exceptions, we choose to address the merits of the appeal and to uphold the sentence upon two discrete grounds discussed below.

■ First, the sentence imposed was exactly what appellant requested of the lower court. Although appellant now contends that the sentencing judge abused her discretion, we note that during the sentencing hearing, able counsel for appellant made the following request of the trial court:

> MR. CAHILL: Your Honor, I certainly didn't mean to be too flippant about all this. It is just you and I both know this has been a long haul here with Mr. Carper here and various prosecutors. The bottom line of it all is, Judge, it's fairly clear you can do whatever you want, but I would ask the court to consider that this is clearly, you might say, the tip of the iceberg of the problem with controlled substances in the penitentiary.
>
> The percentage that gets prosecuted is absolutely minute, and, of course, once they get prosecuted, you can see the various ways the varying judges have handled them, some of which are frankly your own case; had that cited that my office dealt with in two years [sic]. Nothing aggravated about this case at all.
>
> Mr. Carper is currently and has been for a good while working in the law library. He does hope to get out, and, of course, what you do in this case will have a huge bearing on when and what the Parole Board does with him.
>
> I understand from the point system and the procedures that by now he probably would be over at the farm in a community custody or minimum custody, soon to be community custody. That, of course, as a direct consequence of this offense, is not happening yet.
>
> *He is hopeful that it will, so I would ask you to basically give him 30 days county concurrent with his current sentence.* Obviously, there is a conviction on his record as a misdemeanor, or

hopefully, there will be no more than that.

> I assume that he is quite well on notice if he fouls up for any of these disciplinary problems, that might in some respects be considered minor.
>
> You know, it will really jeopardize his situation, so basically what I am really asking you to do is to give him one break here, and I think Sam is prepared to take advantage of it.
>
> He has been quite cooperative with me, notwithstanding the volume of reports and whatnot that has been generated out of this case. A lot of that is certainly not intended to reflect an attitude towards Your Honor personally or even the system.
>
> I guess you can understand the position he is in working in the law library. He is advised and talks to people all the time about these type of charges, and I guess—I think he has been quite cooperative and has not—I think he has learned his lesson, and I don't think you are going to have any problem with him further in terms of his behavior in the institution. [Emphasis added.]

In *State v. Griffith,* 110 Idaho 613, 716 P.2d 1385 (Ct.App.1986), the trial court imposed the same sentences suggested or urged by defendant's counsel; nevertheless, the defendant on appeal contended that the sentences were excessive. Rejecting that contention, we stated:

> The invited error doctrine is well settled in Idaho. A defendant may not request a particular ruling by the trial court and later argue on appeal that the ruling was erroneous This doctrine applies to sentencing decisions as well as to rulings during trial.
>
> There are, of course, limits to this doctrine. It would not apply to a requested sentence that violates the court's statutory authority. Neither would it apply to a request made without any apparent tactical purpose. Moreover, relief might be appropriate if defense counsel heedlessly disregarded his client's legitimate interests, or otherwise provided ineffec-

tive assistance, in a sentencing proceeding.

*Id.* at 614, 716 P.2d at 1386 (citations omitted).

■ As in *Griffith,* the case at bar invokes none of these exceptions. We note, first, that under I.C. § 18–2511, appellant could have been sentenced to one year in the county jail for the misdemeanor offense of possession of a controlled substance by an inmate and could have been fined as much as $1000. Clearly, the thirty-day county jail sentence imposed was well within the trial court's statutory authority. Second, the record now before us demonstrates that the sentence requested by appellant's counsel had a "tactical purpose"— *i.e.,* the imposition of a concurrent sentence, avoiding confinement for any period in excess of the time appellant was already serving in the state correctional institution. Third, there is nothing in the record to support any argument (and appellant makes no such argument) that appellant failed to receive effective assistance of counsel. On the contrary, his counsel's efforts resulted in the reduction of the charge from a felony (for which defendant could have been sentenced to a five-year consecutive period of confinement) to a misdemeanor. Finally, the record is devoid of any facts from which we might conclude that appellant's counsel heedlessly disregarded his client's legitimate interests. Immediately after his attorney articulated the requested sentence, appellant was asked by the court if he had "anything (he) would like to say now" and appellant declined to make any comment.

Thus, by merely applying the invited error doctrine enunciated in *Griffith,* we could find a sufficient, if not compelling, basis for affirming the sentence. However, as a further and independent ground for affirming the sentence, it appears to this Court that the sentence met the criteria enunciated in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

Where, as here, a sentence is within the statutory maximum, it will not be disturbed on appeal unless the appellant affirmatively shows a "clear abuse of discretion." *State v. Cotton,* 100 Idaho 573, 602 P.2d 71 (1979). A sentence may represent such a "clear abuse of discretion" if it is shown to be unreasonable upon the facts of the case. *E.g., State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982); *State v. Dillon,* 100 Idaho 723, 604 P.2d 737 (1979). As we stated in *Toohill, supra,* "reasonableness" implies that a term of confinement should be tailored to the purposes for which the sentence is imposed.

It is apparent from the comments of the judge at the time of sentencing that she was of the opinion that the sentence imposed was designed to deter not only appellant, but other inmates, from possessing controlled substances while incarcerated in an Idaho penal facility. The judge stated:

> ... obviously it (possession of controlled substances by an inmate) is something that they (the Department of Corrections) want to discourage.

Such deterrence is one of the goals of sentencing. *Toohill, supra; State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978).

Appellant argues that the sentence fails to accomplish the primary object of protecting society since appellant was, at time of sentencing, already in the custody of the Idaho State Board of Correction. That, of course, is true; but it does not alter our view that the trial judge's emphasis on deterrence as the primary goal of sentencing in this case was appropriate.

Appellant also posits that the sentence was not necessary to provide a deterrent to him since his conduct already had resulted in administrative punishment by prison authorities. This argument confuses the concepts of specific and general deterrence. When we speak of deterrence under *Toohill,* we mean general deterrence—that is, deterrence of the public generally (here, the general prison population). At the very least, the rather minimal sentence in this case carries a message that inmates in a state penal institution may not unlawfully possess controlled substances with impunity.

We conclude that the sentence imposed was reasonable; therefore, the trial court did not abuse its discretion in imposing the concurrent thirty-day jail sentence. The judgment of conviction imposing the sentence is affirmed.

BURNETT, J., concurs.

WALTERS, Chief Judge, specially concurring.

While I agree that the thirty-day sentence imposed in this case was reasonable, I believe this Court's holding in regard to the length of the sentence is little more than a gratuitous imprimatur, because of mootness of the sentence issue. *See Dillingham v. Commonwealth*, 249 S.W.2d 827 (Ky.1952). It will be recalled that Carper was given thirty days in confinement, to be served concurrent with a sentence already being served by him in the penitentiary. At the time Carper received the thirty-day sentence, the judge informed him that he had forty-two days within which to file an appeal. Carper timely appealed, but only *after* the thirty-day period of confinement had expired. Carper has made no showing why the appeal was not filed while the thirty-day sentence was still extant in order to test the reasonableness of the sentence, if Carper genuinely was convinced the sentence was an abuse of discretion.

The traditional rule is that the satisfaction of a sentence by the service of a prison term renders the case moot so as to preclude a direct review of the conviction or sentence. Annot., *When Criminal Case Becomes Moot so as to Preclude Review of or Attack on Conviction or Sentence*, 9 A.L.R.3d 462, § 8(b) at 482–83 (1966). The policy grounds expressed by various courts adhering to the traditional rule are: lack of jurisdiction, the impropriety of disseminating gratuitous judicial advice, the need for an end to litigation, and the inference that an accused who satisfies his sentence intends to accept it. *Id.* at 467. A result similar to the effect of the traditional rule has obtained in Idaho, at least with respect to a judgment imposing a fine in a criminal case. In *State v. Snyder*, 88 Idaho 479, 401 P.2d 548 (1965), our Supreme Court held that "[a]fter the satisfaction of a judgment in a criminal case there is nothing on which a judgment of the appellate court can act effectively because there is nothing from which to appeal, and further proceedings are moot." 88 Idaho at 482, 401 P.2d at 550.

Some jurisdictions recognize limited exceptions to the traditional rule expressed above. One exception is to allow consideration of the accused's interest in clearing his name from the stigma of a criminal conviction; another is where the accused suffers from collateral legal disabilities apart from the sentence. *Annot., supra*, at 483–86. However, here Carper has not asserted that either exception is applicable in his case. Both of those exceptions relate to the propriety of the entry of a judgment of *conviction* and not as a distinct avenue to question the *length* of a sentence.

Under the circumstances, I agree with the state that Carper's appeal should be dismissed on the basis that the appellate court is unable to provide Carper with any relief upon a sentence that already had expired before Carper filed his notice of appeal, where Carper seeks only to question the reasonableness of the length of the sentence. I therefore agree with the Court's opinion that the judgment of conviction and sentence should be left intact, but on the ground that dismissal of the appeal would leave the judgment of conviction and sentence undisturbed.