804 P.2d 341

Lyle E. WHITEHAWK,
Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 18471

Court of Appeals of Idaho.

Jan. 10, 1991.

E. Lee Schlender, Hailey, for petitioner-appellant.

Jim Jones, Atty. Gen. and Michael J. Kane, Deputy Atty. Gen., argued, for respondent.

Before WALTERS, C.J., and SWANSTROM, J., and WOOD, J. Pro Tem.

PER CURIAM.

Lyle Whitehawk appeals from the district court's order denying his petition for post-conviction relief. Whitehawk raises three issues on appeal. First, Whitehawk argues that the district judge abused his discretion by sentencing him to a lengthy sentence. Second, Whitehawk contends that I.C. § 20–223 constitutionally requires that, as a convicted sexual offender, he receive psychological care and treatment in order to enhance his opportunity for parole. Lastly, Whitehawk asserts that the Idaho State Board of Correction failed to comply with statutory requirements for a psychological evaluation. For reasons explained below, we affirm the order dismissing Whitehawk's petition for post-conviction relief.

We begin with a brief summary of the proceedings leading up to this appeal. Whitehawk pled guilty to lewd conduct with a child under sixteen and was sentenced to a sixteen-year indeterminate sentence. The charge arose from Whitehawk's alleged sexual abuse of his eleven-year old stepdaughter. Whitehawk appealed from his judgment of conviction and sentence, contending that the district court erred by breaching the terms of the plea agreement and by admitting into evidence, for the purpose of sentencing, a psychological evaluation of him. Whitehawk also complained that his sentence was excessive in light of the offense. We affirmed the district court on each of these grounds. Our decision was later upheld by the Idaho Supreme Court. *State v. Whitehawk*, 116 Idaho 827, 780 P.2d 149 (Ct.App.1989), *aff'd*, 117 Idaho 1022, 793 P.2d 695 (1990).

While Whitehawk's first appeal was pending before us, he filed a petition for post-conviction relief. In this petition, Whitehawk attempted to raise many of the issues which were already being considered in his first appeal. In addition, Whitehawk claimed that he had suffered cruel and unusual punishment in violation of the eighth amendment to the United States Constitution.

The district court dismissed the application for post-conviction relief. Whitehawk appealed from that decision. *See Whitehawk v. State*, 116 Idaho 831, 780 P.2d 153 (Ct.App.1989). In that appeal, we rejected most of the arguments raised in the petition for post-conviction relief; some of the issues had already been decided by the Court of Appeals in the prior appeal and some of the issues lacked merit. However, we remanded the case to the district court for an evidentiary hearing on the question of whether Whitehawk had received constitutionally inadequate medical and psychological care while incarcerated at the Idaho State Penitentiary. After conducting an evidentiary hearing, the district court again denied Whitehawk's petition for post-conviction relief. Whitehawk filed this appeal.

■ We turn now to the substantive issues raised in this appeal. Whitehawk argues that the district judge abused his discretion by sentencing him to such a lengthy period of incarceration. However, because this question was already decided against him in his first appeal, we need not readdress it here.

■ Next, Whitehawk contends that I.C. § 20–223 constitutionally requires that he receive medical and psychological treatment so that he can become eligible for parole. Whitehawk points out that I.C. § 20–223 requires that a sexual offender

submit to a psychiatric examination before being eligible for parole. Whitehawk argues that because he will not admit to sexually abusing his stepdaughter, the examining psychiatrist or psychologist is unlikely to consider him suitable for parole. Consequently, Whitehawk believes that he is likely to serve the entire sixteen years without being paroled. Whitehawk asserts that this would result in a deprivation of his constitutional rights. Whitehawk cites *Balla v. Idaho State Board of Correction*, 595 F.Supp. 1558 (D.Idaho 1984) in support of this contention.[1] However, this constitutional issue was not raised in the post-conviction proceedings before the district court. It is a well-settled rule that constitutional issues are waived, if raised for the first time on appeal. *Sullivan v. Sullivan*, 102 Idaho 737, 639 P.2d 435 (1981). Therefore, we will not address this issue on appeal.[2]

■ Finally, during oral argument, Whitehawk contended that he was entitled to post-conviction relief because the Idaho State Board of Correction did not complete a psychological evaluation of him within six months of his arrival to the Board's correctional center. Whitehawk contends that I.C. § 20–224 requires that this procedure take place within six months. Again, this issue was not raised before the district court. Nor was the issue argued or supported by citation of authority in Whitehawk's appellate brief. Normally, issues raised for the first time on appeal are waived. *Baldner v. Bennett's, Inc.*, 103 Idaho 458, 649 P.2d 1214 (1982). This waiver rule also applies to issues which were not argued or supported by citation of authority in an appellate brief. *See State v. Hoisington*, 104 Idaho 153, 657 P.2d 17 (1983); *State v. Carper*, 116 Idaho 77, 773 P.2d 1164 (Ct.App.1989); *Galindo v. Hibbard*, 106 Idaho 302, 678 P.2d 94 (Ct.App. 1984); I.A.R. 35(a)(6). Consequently, we will not consider this issue on appeal. Numerous other allegations, including questions about improper or inadequate medical treatment, were raised in the post-conviction proceeding. However, disposition of these complaints do not appear to be contested in this appeal.

In conclusion, we affirm the district court's order denying Whitehawk's petition for post-conviction relief.

---

1. It should be noted that the portion of the *Balla* decision upon which Whitehawk relies in his brief was reversed in *Balla v. Idaho State Board of Correction*, 869 F.2d 461 (9th Cir.1989).

2. Even if the issue had been raised below, it likely would fail because of prematurity. *See*

*State v. Bartlett*, 118 Idaho 722, 800 P.2d 118 (Ct.App.1990).