888 P.2d 812

**Cleveland S. MILTON, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 21129.**

Court of Appeals of Idaho.

Jan. 25, 1995.

William H. Foster, Grangeville, for appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent. Michael A. Henderson argued.

LANSING, Judge.

Cleveland Sonny Milton appeals the dismissal of his application for post-conviction relief predicated upon a number of claims of ineffective assistance of counsel. For the reasons that follow, we affirm.

Milton was convicted of battery with intent to commit a serious felony, I.C. § 18–911, and was sentenced to a unified term of confinement of fifteen years with seven years determinate. No direct appeal was taken from the judgment of conviction. Thereafter he filed an application for post-conviction relief which alleged that he did not receive effective assistance of counsel at the criminal trial. Following an evidentiary hearing, Milton's application for post-conviction relief was denied. He now appeals that denial.

## I.

### STANDARD OF REVIEW

■ An applicant for post-conviction relief bears the burden of proving, by a preponderance of the evidence, the allegations on which his claims are based. Idaho Criminal Rule 57(c); *Estes v. State*, 111 Idaho 430, 436, 725 P.2d 135, 141 (1986); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969). Where there is competent and substantial evidence to support the trial court's decision made after an evidentiary hearing on an application for post-conviction relief, that decision will not be disturbed on appeal.

*Holmes v. State*, 104 Idaho 312, 658 P.2d 983 (Ct.App.1983). The credibility of the witnesses, the weight to be given their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the trial court. *Larkin v. State*, 115 Idaho 72, 764 P.2d 439 (Ct.App.1988).

■ To evaluate Milton's claims of ineffective assistance of counsel, we apply the standard established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There it was stated that, "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686, 104 S.Ct. at 2063. Two elements must be proved in order to prevail on such a claim:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defendant. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687, 104 S.Ct. at 2064. To establish the first component, deficiency of the attorney's performance, the claimant must show that the attorney's representation "fell below an objective standard of reasonableness." The second component, prejudice to the defendant, is established only if the claimant shows that, but for the attorney's misfeasance, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. *See also Gibson v. State*, 110 Idaho 631, 718 P.2d 283 (1986); *Paradis v. State*, 110 Idaho 534, 716 P.2d 1306 (1986).

## II.

### ANALYSIS

A. JURY SELECTION.

■ Milton raises a number of issues related to jury selection, including allegations

that trial counsel failed to: (a) conduct an adequate voir dire to determine potential jurors' knowledge of Milton's criminal history and reputation in the community; and (b) investigate potential jurors' backgrounds and general disposition toward criminal defendants. Milton has presented no evidence, however, that any juror actually possessed pre-trial knowledge of Milton's prior criminal history or reputation, or that an investigation or more detailed questioning during voir dire would have led to any useful information. Accordingly, there is no evidentiary basis for a finding that this alleged deficiency of trial counsel reasonably could have led to selection of prejudiced jurors.

Milton also alleges that defense counsel placed insufficient emphasis on the presumption of innocence while conducting voir dire. This allegation does not afford Milton a basis for relief. The choice of questions to ask prospective jurors during voir dire is largely a matter of trial tactics. Such strategic or tactical decisions made by trial counsel will not be second-guessed on post-conviction review, unless those decisions are made upon the basis of inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation. *State v. Roles,* 122 Idaho 138, 145, 832 P.2d 311, 318 (Ct.App.1992); *Davis v. State,* 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989). Milton has not shown such shortcomings in this case.

In an attempt to show prejudice arising generally from his counsel's performance in jury selection, Milton points to the prosecutor's testimony, during the hearing on Milton's post-conviction application, that the jury panel "appeared to be a very pro-prosecution panel." This testimony is at best an indication that the prosecutor was pleased with the composition of the panel. It does not constitute substantial evidence that any juror was actually prejudiced against Milton or that defense counsel had grounds to challenge any of the jurors. The district court, therefore, correctly denied Milton's claims of ineffective assistance predicated on the jury selection process.

## B. FAILURE TO OBJECT TO THE TRIAL COURT'S QUESTIONING OF A WITNESS.

Milton also argues that his attorney should have objected to the district court's questioning of the victim during the victim's trial testimony. Milton recognizes that a judge may question a witness in limited circumstances, but contends that in his case the district court became an advocate for the state and showed "partiality toward the state's case as against that of the defendant."

At the criminal trial, the victim was called by the prosecutor to testify to the occurrence of the charged offense. During direct examination, the victim testified that on the night in question he used the restroom at a bar owned and operated by Milton. According to the victim, as he was buttoning up his pants, Milton entered the restroom and stood to victim's right, dropped his own pants, grabbed the victim's penis and solicited oral sex. The victim testified that he observed a scar on Milton's "right knee, the closest one to me." That testimony was not only internally inconsistent but was also inconsistent with a police photo used as an exhibit at trial which showed that Milton had a surgical scar on his left knee. On cross-examination, defense counsel questioned the victim about this testimony that the scar he had observed was on Milton's right knee. The victim answered the question, and neither contended that his earlier testimony was somehow misrepresented nor attempted to correct the inconsistency in that testimony. On redirect examination, the prosecution did not question the witness further on the issue. Defense counsel then declined the opportunity for recross-examination.

At this point the district judge chose to question the witness. Asking the bailiff to stand beside the victim in the role of the defendant, the judge then elicited testimony from the victim as follows:

Q. This is the bailiff who is going to stand up right next to you. Is that the side he [Milton] was on if you're facing the toilet?

A. That's the right side, right there.

Q. That's on your right hand?

A. Yes.

Q. And then you saw a scar?

A. Yes.

Q. And what knee—now look at the bailiff who we'll pretend was that person. Was it on the knee closest to you?

A. The closest one to you.

Q. If you look at that knee on the bailiff would that be her left knee or right knee?

A. Her left knee.

The court then allowed defense counsel a renewed opportunity to cross-examine, at which point defense counsel elicited testimony that upon reporting the incident to the sheriff's department the day after its occurrence, the victim had told an officer that the scar was on Milton's *right* knee.

In its written order denying post-conviction relief, the district court held that the defense attorney's performance in not objecting to the court's examination had not been deficient because, "the Court has the right to examine witnesses."

 Idaho Rule of Evidence 614(b)[1] authorizes a trial court to question witnesses. This authority is not unbridled, however. The questioning must not exhibit an opinion or prejudice favoring one of the parties. *State v. Larsen,* 123 Idaho 456, 461, 849 P.2d 129, 134 (Ct.App.1993), *citing State v. Neil,* 58 Idaho 359, 367, 74 P.2d 586, 589 (1937). Any implication of the court's opinion or impression of the case, whether real or imagined by the jury, may influence the jury in its deliberation on the ultimate question of guilt. There is also a risk that the jury will attach undue significance to the subject matter of the court's questions, for if the court thinks the issue important enough to inquire further of the witness, why should not the jury?

In *State v. Lankford,* 116 Idaho 860, 875, 781 P.2d 197, 212 (1989), *cert. denied,* 497 U.S. 1031, 110 S.Ct. 3295, 111 L.Ed.2d 803 (1990), the Idaho Supreme Court discussed the parameters of judicial questioning of witnesses:

> The district court may properly participate in the examination of witnesses for the purpose of 'clarifying the evidence, controlling the orderly presentation of the evidence, confining counsel to evidentiary rulings, and preventing undue repetition of testimony.' *United States v. Allsup,* 566 F.2d 68, 72 (9th Cir.1977) (*quoting United States v. Malcolm,* 475 F.2d 420, 427 (9th Cir.1973)). However, prosecutorial acts by the trial judge may be violative of the defendant's constitutional rights.

In *United States v. Allsup,* cited by our Supreme Court in the foregoing passage, the Ninth Circuit Court of Appeals reversed a conviction because the "impact of the district court's interrogation was to destroy the effect of telling cross-examination, to rehabilitate the witness, and to give her testimony an extra and a potentially prejudicial persuasiveness." *Allsup,* 566 F.2d at 73.[2]

 The district court's examination of the victim in Milton's case did not rise to the level of a prosecutorial act. As noted above, during direct examination the victim testified that the scar he observed was on Milton's "right knee, the closest one to me." The victim's testimony was inconsistent because if, as he had also testified, Milton was standing to the right and facing the same direction as the victim, the knee closest to the victim would have been Milton's left knee. It is obvious that the district court sought to clarify this testimony by its questioning of the witness.

We would caution, however, that such intervention by the court could in some circumstances leave an impression that the court was helping to rehabilitate a witness after cross-examination. The use of a court-di-

---

1. I.R.E. 614(b) states: "Interrogation by court. The Court may interrogate witnesses, whether called by itself or by a party."

2. For a thorough discussion of the dangers attending judicial interrogation of witnesses during a jury trial, *see State v. Freitag,* 53 Idaho 726, 27 P.2d 68 (1933).

Decisions of the Idaho Supreme Court suggest that where the court is the trier of fact, and therefore needs to gather information to render a decision, it may exercise greater latitude in examining witnesses than may a court in a jury trial. *State v. Lankford,* 116 Idaho at 875–76, 781 P.2d at 212–13; *Wolfe v. State,* 117 Idaho 645, 648, 791 P.2d 26, 29 (Ct.App.1990).

rected demonstration to illustrate testimony also may tend to overemphasize the testimony. Nonetheless, we conclude that defense counsel was not deficient in failing to object to the questioning in this case, for the court's questions were facially neutral and did not, by their content, tend to indicate either belief or disbelief of the victim or an intent to aid the prosecution. It was apparent that the court was simply trying to clarify ambiguous testimony, a permissible basis for questioning by the court.

The district court's examination did not signal a bias or amount to a prosecutorial act that went beyond the scope authorized by I.R.E. 614. Therefore, defense counsel's performance cannot be deemed deficient for failure to object to the court's questioning.

## C. ALLOWANCE OF EVIDENCE OF PRIOR FELONY.

■ In the post-conviction proceedings below, Milton asserted that the district court in the criminal action had ruled that the State could not present evidence that Milton had been previously convicted of a felony. Milton asserted that his defense counsel nonetheless elicited testimony about the prior conviction from Milton, thereby informing the jury of a prior conviction that was otherwise inadmissible. Milton reiterates this argument on appeal. This argument is clearly without basis. The transcript of the criminal trial shows that, upon a motion by defense counsel for determination of the admissibility of the prior felony, the court held that the State would be allowed to present evidence that Milton had a prior felony conviction, but could not disclose the nature of the offense (lewd and lascivious conduct), to impeach Milton if Milton elected to testify. Following that ruling, Milton testified on his own behalf, and his attorney elicited Milton's testimony that he had been convicted of a felony. If defense counsel had not revealed this information, the prosecutor surely would have, and we perceive no basis for this criticism of the defense attorney's trial strategy.

On appeal, Milton adds a related, but different, argument. He contends that the attorney should have argued for complete exclusion of evidence of Milton's prior convic-

tion—not just exclusion of the nature of the offense. He contends that the attorney should have brought to the district court's attention this Court's determination in *State v. Allen*, 113 Idaho 676, 678, 747 P.2d 85, 87 (Ct.App.1987), that a conviction for incest is not a type of offense that may be used for impeachment pursuant to I.R.E. 609(a). Because this claim of ineffective assistance was not asserted below, however, we will not address it on appeal.

## D. GENERAL COMPLAINTS.

Milton raises a number of general complaints as to the performance of his trial counsel, all of which fail for a lack of evidence of either deficient performance or actual prejudice.

First, Milton complains that during the criminal trial, his counsel did not object to any of the prosecutor's questions nor any of the jury instructions. However, he identifies neither any specific question by the prosecutor nor any jury instruction that was objectionable under Idaho law. Consequently, the district court was correct in finding that the performance of Milton's attorney was not deficient in this regard.

Milton next claims that his attorney should have investigated the character and veracity of the victim to gather information for use in cross-examination. Again, however, he offers no evidence that such an investigation would have yielded information that would have aided in his defense. Therefore, even assuming, *arguendo*, deficient performance, no prejudice is demonstrated.

Milton also asserts that defense counsel should have cross-examined the victim with more vigor as to the circumstances of the battery. In essence, Milton contends that the victim's testimony on the physical sequence of events shows that the battery could not have occurred as alleged. The trial record shows that Milton's attorney did in fact cross-examine the victim on these matters. Milton has not established that his attorney conducted an inadequate cross-examination.

Milton next contends that his counsel should have subpoenaed additional witnesses

to testify for the defense. At the hearing on his application for post-conviction relief, Milton presented testimony from several persons whom he contends should have been called as defense witnesses in the criminal trial. Review of their testimony shows, however, that these witnesses had no knowledge of facts that would have meaningfully bolstered the defense. Neither deficient performance by trial counsel nor prejudice has been demonstrated.

### E. ISSUES NOT RAISED BELOW.

 Milton also raises a number of issues on appeal that were not stated as grounds for relief either in his initial pro se application for post-conviction relief or in the amended application filed by his attorney. These include allegations that his trial counsel failed to: (1) seek a change of venue for the trial; (2) visit the scene of the alleged crime; and (3) adequately prepare witnesses. Because these issues were not presented in Milton's pleadings, they were not addressed by the district court, and this Court will not entertain them on appeal. *See State v. Russell,* 122 Idaho 488, 490, 835 P.2d 1299, 1301 (1992); *Whitehawk v. State,* 119 Idaho 168, 170, 804 P.2d 341, 343 (Ct.App.1991).

### III.

### CONCLUSION

Milton has not established that he was denied effective assistance of counsel in his criminal trial. The district court's order denying post-conviction relief is therefore affirmed.

WALTERS, C.J., and PERRY, J., concur.