NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2019-SC-0321-DG

L. H., A CHILD UNDER EIGHTEEN                                    APPELLANT


                        ON REVIEW FROM COURT OF APPEALS
v.                              NO. 2016-CA-1551
                    HOPKINS CIRCUIT COURT NOS. 16-J-00049-004,
              16-XX-00002, 16-XX-00003, 16-XX-00004 AND 16-XX-00005


COMMONWEALTH OF KENTUCKY                                          APPELLEE


## **OPINION AND ORDER**


Appellant, L.H., was committed to the Department of Juvenile Justice under the convictions currently on appeal on April 18, 2016, which commitment terminated on April 18, 2017, under the terms of the commitment order, and no later than October 18, 2017, by operation of KRS 635.060(4)(b)(2).  On August 20, 2020, this Court ordered L.H. to show cause why this appeal should not be dismissed as moot based on Kentucky law.

L.H. responded arguing his appeal should not be dismissed as moot because it falls under the exceptions to the mootness doctrine.  The Commonwealth filed a response reiterating the holding in *Morgan v. Getter*, 441 S.W.3d 94, 98-99 (Ky. 2014), that "[a] 'moot case' is one which seeks to get a judgment . . . upon some matter which, when rendered, for any reason, cannot

have any practical legal effect upon a *then* existing controversy." (Citation omitted). We agree with the Commonwealth that L.H.'s case is moot, and this appeal must therefore be dismissed.

"Appellate courts lack subject matter jurisdiction to decide cases that have become moot. . . . Thus, mootness is a threshold matter for a reviewing court to resolve." *Commonwealth, Kentucky Bd. of Nursing v. Sullivan University System, Inc.,* 433 S.W.3d 341, 343 (Ky. 2014). When necessary, this Court is required to *sua sponte* assess its own subject matter jurisdiction. *Kentucky High School Athletic Association v. Edwards*, 256 S.W.3d 1, 4 (Ky. 2008).

In *Q.C. v. Commonwealth,* 164 S.W.3d 515, 517 (Ky. App. 2005), it was concluded the appeal was moot as the child's commitment to Department of Juvenile Justice (DJJ) had expired two years prior and no relief could thus be granted. In *Dillingham v. Commonwealth*, 249 S.W.2d 827, 828 (Ky. 1952), the predecessor to this Court held

> [s]ince appellant has already satisfied the sentence of the court, we could make no order on this appeal which would affect her status. We cannot remit the jail sentence already served, and even if we should decide the sentence should not have have [sic] been imposed, and [sic] opinion could not afford appellant any effectual relief in this case.

Following a careful review of the briefs, the record, and the law, it appears none of the exceptions to the mootness doctrine are applicable, and any opinion we render in this matter would be advisory, at best. L.H.'s commitment to DJJ terminated over three years ago and nothing this Court holds can grant him any relief from the term he has completed. *Id.*

2

Contrary to L.H.'s assertion, no collateral consequences attach sufficient to trigger an exception to the mootness doctrine. Juveniles do not lose the same civil rights as adults upon conviction and their records are not subject to public inspection. Although prior adjudications are taken into account if a juvenile returns to court as a public offender, L.H. has never challenged his guilt but rather has focused on the disposition following those adjudications. Any collateral consequences would flow from the prior adjudications, not the sentences imposed.

Further, there is no reasonable expectation L.H. will be subject to the same action again as he cannot be recommitted on the offenses to which he admitted guilt so many years ago. Thus, this case does not meet the criteria for "capable of repetition, yet evading review." *Morgan*, 441 S.W.3d at 100 (citing *Philpot v. Patton*, 837 S.W.2d 491, 493 (Ky. 1992)).

Finally, although the issues raised are interesting, the public interest exception to the mootness doctrine likewise does not apply. In *Morgan*, we reiterated the three elements required to invoke the public interest exception: the issue must be of a public nature; there must be a need for authoritative guidance; and the question must be likely to recur. Here, the questions presented are clearly of a public nature. However, although L.H. argues authoritative guidance is necessary as "a genuine dispute" exists regarding the appropriate interpretation of the statutory language, the provisions in question appear to be plain and unambiguous and any dispute should be minimal. Finally, the facts presented herein are unique and L.H. offers nothing more than speculation the specific questions raised will recur.

3

Therefore, for the foregoing reasons, this appeal must be, and hereby is

DISMISSED as MOOT.

All sitting. All concur.

ENTERED: October 29, 2020.

_____
CHIEF JUSTICE