RENDERED: JULY 18, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0949-MR

JAMES MARKSBURY          APPELLANT


APPEAL FROM BOYLE CIRCUIT COURT
v.        HONORABLE JEFF L. DOTSON, JUDGE
ACTION NO. 23-CR-00134


COMMONWEALTH OF KENTUCKY          APPELLEE


## OPINION AND ORDER

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND ECKERLE, JUDGES.

CETRULO, JUDGE: A Boyle Circuit Court jury convicted James Marksbury ("Marksbury") of tampering with a prisoner monitoring device, in violation of Kentucky Revised Statute 519.070. Marksbury's sole claim of error is that the trial court refused to give a choice of evils jury instruction. The relief he seeks, on appeal, is a new trial. However, as Marksbury has already served out his sentence for this matter, we dismiss this appeal as moot.

On May 9, 2023, the Boyle District Court ordered Marksbury to wear an ankle monitor as part of his pretrial release requirements in another matter. The next day, Marksbury reported to Commonwealth Testing[1] and was fitted with the ankle monitor.

According to his own testimony, Marksbury then cut the ankle monitor strap on May 26, 2023, and went to Walmart. Marksbury was arrested a few days later and subsequently charged with tampering with a prisoner monitoring device. The trial court held a jury trial on that charge on June 11, 2024.

Marksbury requested a choice of evils jury instruction, arguing that he cut the monitor strap due to pain and discomfort. The trial court denied the instruction. The jury convicted Marksbury of tampering with a prisoner monitoring device, and the court imposed a one-year prison sentence. However, at that point, Marksbury had already spent enough time incarcerated to have served out his one-year sentence, and he was released. Marksbury now appeals the denial of his requested choice of evils jury instruction and asks us to reverse and remand his case for a new trial.

---

[1] Pursuant to Kentucky Rule of Evidence 201(b)(2), we take judicial notice that, according to its website, Commonwealth Testing, Inc. provides drug and alcohol testing for employers and courts, and services such as court ordered ankle monitoring. *Services*, COMMONWEALTH TESTING, INC, commonwealthtesting.com/services/ (last visited Jun. 9, 2025).

However, before we could analyze that issue, we must be certain that an actual controversy exists. *Belt v. Commonwealth, Cabinet for Families and Children*, 520 S.W.3d 406, 408 (Ky. App. 2017). If a ruling cannot have any practical legal effect upon a then existing controversy, the issue is moot. *Id.*

In *Commonwealth v. Collinsworth*, 628 S.W.3d 82, 85 (Ky. 2021), our Supreme Court held that because the defendant had "already served [his] sentence and owes the Commonwealth nothing more, any decision rendered by this Court would be merely advisory." In *Dillingham v. Commonwealth*, 249 S.W.2d 827, 828 (Ky. 1952), we held that even if we should decide the sentence should not have been imposed (which we do not so find here), any such opinion could not afford the defendant any effectual relief in this case. We cannot remit the sentence already served. *Id.* Although there are exceptions to the mootness doctrine, we do not find any exception that is applicable to the argument Marksbury makes in this appeal. *See Morgan v. Getter*, 441 S.W.3d 94, 100 (Ky. 2014).[2]

---

[2] Neither party raised or argued mootness of this appeal, and we will not speculate as to possible other collateral consequences of this conviction when no such argument has been presented. *See Walker v. Commonwealth*, No. 2010-CA-000909-MR, 2011 WL 1085620 (Ky. App. Mar. 25, 2011) (not to be published opinion, cited pursuant to Kentucky Rule of Appellate Procedure 41).

For the foregoing reasons, it is ORDERED that this case is dismissed as moot.

ALL CONCUR.

ENTERED: \_\_\_07-18-2025\_\_\_\_

JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:

Christopher B. Thurman
Louisville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Brystin Denguessi Kwin
Assistant Attorney General
Frankfort, Kentucky