794 P.2d 1150

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Mardonio Garcia AYALA, Defendant–Appellant.**

No. 17975.

Court of Appeals of Idaho.

July 5, 1990.

Craig D. Hobdey (argued), Hobdey & Hobdey, Gooding, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger (argued), Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Mardonio Garcia Ayala stands convicted of rape. The dispositive issue on appeal is whether Ayala should have been allowed to withdraw his guilty plea on the ground that it was involuntary. The district court said "no." We reverse.

■ Under our state and federal constitutions, a guilty plea must be made voluntarily—which means knowingly and intelligently as well as free from coercion. *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976).

When the voluntariness of a guilty plea is challenged on appeal, we conduct an independent review of the record. The record must affirmatively show that the plea was voluntary, that the defendant knowingly waived his right against self-incrimination, his right to a jury and his right to confront his accusers, and that he understood the consequences of pleading guilty. *Id.* If the evidence is conflicting as to circumstances surrounding the plea, we will accept the trial court's findings of fact when supported by substantial evidence. However, we will freely review the court's application of constitutional requirements to the facts found. *See State v. Hiassen,* 110 Idaho 608, 716 P.2d 1380 (Ct.App.1986) (similar standard adopted for reviewing voluntariness of statements or admissions made by defendant).

Applying recent Idaho case law, we are forced to conclude Ayala's plea was not made voluntarily. This case is strikingly similar to two opinions recently issued by our Supreme Court. *See State v. Carrasco,* 117 Idaho 295, 787 P.2d 281 (1990), and *State v. Rodriguez,* 117 Idaho 292, 787 P.2d 278 (1990). In *Carrasco,* the defendant did not speak English and, although he had an interpreter, he had difficulty understanding the judge. In addition, he had no familiarity with our legal system and when asked, at his first arraignment, if he understood the litany of rights recited to him, he failed to respond. At a later hearing, when he pled guilty, Carrasco was not informed that by entering that plea he was waiving constitutional rights and giving up possible defenses. On appeal, our Supreme Court determined that Carrasco's plea was not voluntary.

Similarly, in *Rodriguez,* there was also a language barrier. The defendant, Rodriguez, spoke little English. At his initial arraignment, Rodriguez was informed of the rights he would waive if he entered a guilty plea, but no attempt was made to discern whether Rodriguez understood the nature of those rights. At a subsequent hearing, where Rodriguez entered his guilty plea, he gave no response when asked if he had any questions concerning the rights he waived. Again, our Supreme Court held the plea was involuntary.

Examining the case at hand, in light of the above cases, we note that Ayala spoke little English; even with an interpreter, he clearly had difficulty understanding the judge. This is apparent from his bizarre responses to questions. For example:

THE COURT: You know that I can sentence you up to life in the Idaho State Penitentiary?

THE DEFENDANT: Yes.

THE COURT: And there's been no agreement as to that. Do you understand?

THE DEFENDANT: I was waiting for the attorney to come, but he never came.

Moreover, when asked if he had any questions about the proceeding, Ayala initially responded "Like what.... I don't know anything more than to say guilty...." We cannot discern from such responses whether Ayala understood the consequences of his plea or the nature of the rights he waived. The district judge did not inquire into his understanding. Indeed, the judge never squarely asked Ayala whether he was guilty of the crime charged.

We note that Ayala signed a written plea agreement form. However, we do not find this to be dispositive on the underlying issue of whether Ayala acted voluntarily, knowingly and intelligently. Upon carefully reviewing the record, we conclude there has not been an affirmative showing that Ayala's plea satisfied these requirements.

Therefore, we reverse the district court's order denying Ayala's motion to withdraw his plea. The case is remanded for proceedings consistent with this opinion.