804 P.2d 1360

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Melvin G. MORRISON,
Defendant–Appellant.**

**No. 18554.**

Court of Appeals of Idaho.

Jan. 29, 1991.

---

Monte R. Whittier, Whittier, McDougall, Souza, Murray & Clark, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Pursuant to a plea bargain, Melvin G. Morrison pled guilty to two counts of sexual abuse of a minor under the age of sixteen. He received concurrent, unified fifteen-year sentences, each consisting of a five-year fixed term followed by an indeterminate ten-year term. Morrison filed a mo-

tion in the district court under I.C.R. 35 seeking reduction of the sentences. He also filed a notice of appeal from the judgment of conviction, contending that his original sentences were excessive. On review, we are asked to determine whether the district court abused its discretion in pronouncing the sentences or in later refusing to reduce them. We hold that the sentences are not excessive. We affirm the judgment of conviction and the order denying Morrison's motion to reduce the sentences imposed.

 Morrison could have been sentenced to a maximum term of fifteen years' confinement for each count in this case, which the sentencing court could have ordered to be served consecutively, for a total of thirty years' confinement. I.C. § 18–1506; I.C. § 18–308. Morrison's concurrent fifteen-year sentences—allowing him parole-eligibility after serving five years—do not exceed the statutory maximum, and thus will not be disturbed unless an abuse of sentencing discretion is shown. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App. 1989). We are unable to speculate as to a possible longer term of confinement beyond the minimum term because the Commission on Pardons and Parole is vested with the discretion to grant or deny parole

at any time after completion of the fixed term until the expiration of the maximum term. I.C. § 19–2513. *See State v. Bartlett*, 118 Idaho 722, 800 P.2d 118 (Ct.App. 1990). Thus, we will treat Morrison's actual term of confinement as five years. In order to prevail on appeal, Morrison must establish that, under any reasonable view of the facts, a period of confinement of five years for his convictions for two counts of sexual abuse of a minor was an abuse of discretion.

 When weighing the facts of a given case, we conduct an independent examination of the record. We focus upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). The facts surrounding the offenses show that Morrison had sexual intercourse with his fourteen-year old niece. The record indicates that Morrison's abuse of this victim began approximately two years earlier by fondling, leading ultimately to the completed act of sexual intercourse on at least one occasion. Morrison was also charged with and pled guilty to sexually fondling his nine-year old niece. These incidents occurred in Morrison's home while the girls were visiting family. At the time of sentencing, both of the victims were enrolled in therapeutic counseling.

Concerning Morrison's character, the record indicates that Morrison admitted these offenses initially to his wife and to his church officials, that he voluntarily obtained and participated in psychological counseling, and that he ultimately turned himself in to the local law enforcement authorities. At the sentencing hearing, Morrison's psychologist testified that Morrison was making progress through psychological counseling, and that Morrison appeared amenable to treatment. Several other character witnesses testified on behalf of Morrison, claiming that he did not pose a threat to the community. We further observe that Morrison has no prior criminal convictions. However, in addition to the two offenses for which he was con-

victed, Morrison admitted to molesting two other children, a niece and a step-niece. A sexual deviancy evaluation further indicated that Morrison possesses a deviant attraction to young females approaching adulthood.

In articulating its bases for the sentences, the district court emphasized the seriousness of Morrison's offenses: that Morrison had accomplished a complete act of sexual intercourse with one of the victims, that there were three other child victims, and that Morrison had committed a serious violation of his position of trust with these young family members. The court indicated its concern with protecting other young girls in the community from Morrison's harmful conduct. The court also took into account the objectives of deterring others from engaging in conduct similar to Morrison's, and the lasting emotional harm his crimes wreaked upon his victims. The court was mindful that Morrison would not necessarily receive psychological treatment while in the penitentiary, but in its discretion, the court determined that probation was inappropriate and that meeting the other important sentencing criteria required a term of incarceration. Reviewing the information which was before the court at the time of sentencing, we cannot say that the concurrent fixed terms of five years' minimum incarceration were unreasonable. We therefore conclude that the district court did not abuse its discretion by imposing the original sentences.

■ We next consider the denial of Morrison's Rule 35 motion. A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the sentencing court. *State v. Forde,* 113 Idaho 21, 740 P.2d 63 (Ct.App.1987). Such a motion is essentially a plea for leniency, which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App. 1984). The criteria for examining rulings on motions to reduce sentences under Rule 35 are the same as those applied in determining whether the original sentence was

reasonable. *Lopez,* at 450, 680 P.2d at 872. If the sentence is not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction. If he fails to make this showing, we cannot say that denial of the motion by the district court represents an abuse of discretion.

■ At the subsequent hearing on the motion, Morrison presented additional evidence of his current progress through psychological treatment and of his rehabilitation potential. Morrison contends that the sentencing judge should have placed him on probation to allow treatment because continued incarceration would diminish his chances of eventual rehabilitation. We note that rehabiliation—important as it may be—is not the sole objective of our criminal justice system. *Lopez,* at 450–51, 680 P.2d at 872–73. A sentence of confinement is not rendered unreasonable simply because it will have an arguably negative impact upon Morrison's rehabilitation. *See State v. Seiber,* 117 Idaho 637, 642, 791 P.2d 18, 23 (Ct.App.1990). The district court took due account of Morrison's rehabilitation potential by making the sentences concurrent and indeterminate. Moreover, by prescribing at least five years' confinement, the sentences reasonably could be viewed as protecting society while Morrison learned the consequences of his acts. The sentences also served as punishment for the seriousness of the crimes committed and to deter others from committing similar offenses.

Having reviewed all the information presented both at the original sentencing and at the subsequent motion for reduction, we conclude that the district court did not abuse its discretion in denying Morrison's Rule 35 motion. Accordingly, the judgment of conviction and the order denying the motion for reduction of sentences are affirmed.