830 P.2d 1

STATE of Idaho, Plaintiff–Respondent,

v.

Manuel Lopez PEREZ, Defendant–Appellant.

No. 19046.

Court of Appeals of Idaho.

May 6, 1992.

Van G. Bishop, Nampa, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Kevin P. Cassidy, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Manuel Perez appeals from the judgment of conviction and sentence of eight years, with five years fixed, for delivery of heroin in violation of I.C. § 37–2732(a)(1)(A). He asserts that his plea of guilty was not knowingly and intelligently made. He also asserts that his sentence was unduly severe for a first time offender. We affirm.

Perez first pled not guilty to one count of delivery of heroin, one count of aiding and abetting the delivery of heroin and a misdemeanor of frequenting a place where drugs are used. As a result of plea negotiations with the prosecutor's office, Perez agreed to change his plea to guilty to the offense of delivery of heroin, a felony, and to the misdemeanor; the other felony count would be dismissed at sentencing. On September 17, 1990, Perez appeared before the district court, with counsel and an interpreter, to formally enter his change of plea. On October 9, 1990, Perez was given an eight-year sentence with a minimum of ·five-years' incarceration in the custody of the Board of Correction. He was granted credit for time served in jail awaiting sentencing, and he was ordered to pay restitution. Perez filed a timely notice of appeal

from the judgment and order of commitment.

As his first issue on appeal, Perez contends that he was deprived of due process by the manner in which the district judge accepted his change of plea. In order to satisfy due process requirements, Perez contends, the district judge was obligated to independently determine whether the defendant understood his constitutional rights as explained by the interpreter. He argues that the district judge erred by addressing him only very briefly and by not exacting any more than his one word responses to measure the extent of his understanding.

■ A plea of guilty cannot stand unless the record of the entire proceedings on appeal indicates that the plea was entered voluntarily, knowingly and intelligently. (Citations omitted.) *State v. Carrasco*, 117 Idaho 295, 300, 787 P.2d 281, 286 (1990). When the voluntariness of a guilty plea is challenged on appeal, we conduct an independent review of the record. The record must affirmatively show that the plea was voluntary, that the defendant knowingly waived his right against self-incrimination, his right to a jury and his right to confront his accusers, and that he understood the consequences of pleading guilty. *State v. Ayala*, 118 Idaho 94, 95, 794 P.2d 1150, 1151 (Ct.App.1990).

■ The minutes of the arraignment which took place on March 27, 1990, reveal that Perez was advised of the charges against him and of the maximum possible penalty for each offense. At that time, the court also advised Perez of his right to counsel, and, after inquiring of the defendant, appointed the public defender to represent Perez. Advisement of the possible penalty to these charges was repeated by the district judge at the hearing on May 4, 1990, before Perez entered his not guilty plea. There is no contention by Perez on appeal that these advisements given by the court were in any way inadequate.

At the hearing on the change of plea, defense counsel told the court that he had discussed plea negotiations with his client. He indicated that he had informed Perez that sentencing was in the court's discretion and that the prosecutor might ask for additional prison time. He discussed with Perez that he would ask the court for probation and deportation to Mexico, with the proviso that Perez would be incarcerated upon return to the United States if he were to again enter this country as an undocumented alien. Finally, defense counsel informed the court that he had an interpreter explain to Perez his constitutional rights and the entry of the guilty plea.

The district judge then questioned Perez, through an interpreter, as to whether he agreed with what defense counsel had told the court and as to whether he understood what defense counsel had said. Perez responded "Yes" to both of these questions. The district judge continued, asking if the defendant wished to change his plea to guilty in return for the state dropping one of the felony charges, to which Perez answered "Yes." The district judge then enumerated each of the rights and privileges which Perez would be waiving by pleading guilty, including the right to trial by jury, the right to confront witnesses against him, the right to call witnesses in his behalf, and the right against self-incrimination. The court also recited the presumption of innocence which the state must overcome by proof beyond a reasonable doubt. Before accepting Perez' guilty plea, the district judge asked if Perez understood that he was giving up those rights by pleading guilty, to which Perez responded "Yes." Finally, the court advised Perez that the court was not bound by the sentencing recommendations from either the prosecutor or defense counsel.

Perez relies on *State v. Carrasco, supra; State v. Ayala, supra;* and *State v. Rodriguez*, 117 Idaho 292, 787 P.2d 278 (1990) to authorize reversal of his conviction. Perez has attempted to compare his situation to that of those three non-English speaking defendants, whose responses to the district court's questions at the time they entered their pleas did not affirmatively show that they understood the consequences of pleading guilty. *See State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976). However, the

facts in the record before us compel us to distinguish Perez' change of plea.

In *Ayala,* the defendant gave bizarre answers to the district judge's questions about the impact of his entering a guilty plea. In *Rodriguez* and *Carrasco,* the defendants gave no response to the district court's questions about the rights each was waiving by entering a guilty plea. There was, as a result, no evidence in the record from which the appellate court could determine that their respective pleas were made with an understanding of the consequences of those pleas. However, faced with Perez' affirmative responses to the judge's questions in the case at hand, we conclude that his responses were appropriate and that they demonstrate that Perez understood the nature of his plea of guilty.

Perez was advised at his arraignments, initially and after the appointment of counsel, that the crime with which he was charged carried a maximum penalty of life imprisonment and a fine. To the extent that Perez is arguing that this information should have been restated at the hearing to accept his guilty plea, we have previously held that neither our rules nor the Constitution requires a complete contemporaneous advisement or reminder to validate a guilty plea. *State v. Carrasco,* 114 Idaho 348, 757 P.2d 211 (Ct.App.1988), *rev'd on other grounds,* 117 Idaho 295, 787 P.2d 281 (1990). We conclude, therefore, that the record as a whole discloses the validity of the guilty plea.

The second issue raised by Perez in his appeal regards the severity of his sentence. He argues that an eight-year prison term, with five years fixed, is excessive for a first time felony conviction and that the sentence was an abuse of discretion by the sentencing judge. He also argues that the district judge focused only on the offense and failed to consider the character of the defendant and sentencing options other than incarceration.

█ Our standard of review of the length of a sentence is well settled; a sentence will not be disturbed unless it appears that the sentence is an abuse of discretion. *State v. Hooper,* 119 Idaho 606, 809 P.2d 467 (1991); *State v. Way,* 117 Idaho 594, 790 P.2d 375 (Ct.App.1990). A sentence may represent an abuse of discretion if it is shown to be unreasonable under the particular facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982); *State v. Morrison,* 119 Idaho 229, 804 P.2d 1360 (Ct.App.1991). The reasonableness of a sentence must be considered in light of the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App. 1982). In this case, we examine the minimum period of confinement of five years in evaluating the reasonableness of Perez' sentence. *See State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989).

█ Perez could have received life imprisonment for his crime pursuant to I.C. § 37–2732(a)(1)(A). The court, however, imposed a term of five to eight years. The court was aware that Perez was illegally in this country, that he spoke no English and that there was an immigration hold for him to be deported upon release. No presentence report was prepared in aid of sentencing; however, the State indicated to the court that its investigation revealed that Perez had no prior convictions. Defense counsel did not request a presentence report, which could have elaborated on Perez' character; rather he argued for a suspended sentence and eventual deportation to Mexico. We cannot say, therefore, that Perez has supported his claim that his sentence, which is well below the statutory maximum, is unduly severe.

The district judge rejected defense counsel's argument that the state could ill afford the costs of incarcerating an illegal alien such as Perez. The terse comments of the judge in sentencing Perez clearly demonstrate his concern for retribution and for the protection of society from the "poison" being distributed by drug traffickers like Perez. As has been stated before, the sentencing goal of protecting society justifies a prison sentence. *State v. Howard,*

112 Idaho 110, 730 P.2d 1030 (Ct.App.1986). *See generally State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Further enunciation of the court's reasons for imposing a term of confinement is not necessary. We find no abuse of discretion in the sentence ordered by the district court. Accordingly, we affirm the judgment of conviction and the sentence.

WALTERS, C.J., and SILAK, J., concur.