830 P.2d 528

STATE of Idaho, Plaintiff–Respondent,

v.

Pedro Perez GONZALES,
Defendant–Appellant.

No. 19045.

Court of Appeals of Idaho.

May 7, 1992.

Van G. Bishop, Nampa, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Kevin P. Cassiday, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Pedro Perez Gonzales was sentenced to five to eight years' incarceration for delivery of heroin in violation of I.C. § 37–2732(a)(1)(A). He appeals from the judgment of conviction and sentence and from the district court's denial of his I.C.R. 35 motion for reduction of sentence. We affirm.

Gonzales was charged with two counts of delivery of heroin, to which he pled not guilty. As a result of plea negotiations with the prosecutor's office, Gonzales agreed to plead guilty to one count of felony delivery of heroin and to frequenting a place where drugs are used, a misdemeanor. In exchange for his plea of guilty, the state agreed to dismiss the second delivery charge. Gonzales' change of plea was entered in the court on September 17, 1990. He was sentenced on October 9, 1990, to serve five years fixed, with three years indeterminate, for delivery of heroin. The court also ordered restitution and dismissed the second felony count and the misdemeanor count.

Gonzales filed a timely appeal from the judgment of conviction and sentence. On January 31, 1991, he filed a motion to reduce his sentence and requested that the district court obtain a progress report on Gonzales from the personnel at the prison. After the court received the progress report and heard argument on the Rule 35 motion, the court denied relief under the motion. Gonzales filed an amended notice of appeal to challenge the denial of the Rule 35 motion. The issues raised in the appeal concern (1) the validity of Gonzales' guilty plea, and (2) the reasonableness of his sentence when it was first imposed and after consideration of his Rule 35 motion.

In his appeal, Gonzales first contends that he was deprived of due process in the manner in which the district judge accepted his change of plea. In order to satisfy due process requirements, Gonzales contends, the district judge was obligated to independently determine whether the defendant understood his constitutional rights as explained by the interpreter. He argues that the district judge erred by addressing him only very briefly and by not exacting more than his one word responses to measure the extent of his understanding.

A plea of guilty cannot stand unless the record of the entire proceedings on appeal indicates that the plea was entered voluntarily, knowingly and intelligently. *State v. Carrasco*, 117 Idaho 295, 300, 787 P.2d 281, 286 (1990). When the voluntariness of a guilty plea is challenged on appeal, we conduct an independent review of the record. The record must affirmatively show that the plea was voluntary, that the defendant knowingly waived his right against self-incrimination, his right to a jury trial, his right to confront his accusers, and that he understood the consequences of pleading guilty. *State v. Ayala*, 118 Idaho 94, 95, 794 P.2d 1150, 1151 (Ct.App.1990).

The minutes of the arraignment which took place on March 27, 1990, reveal that Gonzales was advised of the charges against him and of the maximum possible penalty for each offense. At that time, the court also advised him of his right to counsel, and, after inquiring of the defendant, appointed the public defender to represent him. Advisement of the possible penalty to these charges was repeated by the district judge at the hearing on May 4, 1990, before Gonzales entered his not guilty plea. There is no contention by Gonzales on appeal that these advisements given by the court were in any way inadequate.

At the hearing on the change of plea, defense counsel told the court that he had discussed plea negotiations with his client. He indicated that he had informed Gonzales that sentencing was in the court's discretion and that the prosecutor might ask for additional prison time. He discussed with Gonzales that he would ask the court for probation and deportation to Mexico, with the proviso that he would be incarcerated upon return to the United States if he were to again enter this country as an undocumented alien. Finally, defense counsel informed the court that he had had an interpreter explain to Gonzales his constitutional rights and the entry of the guilty plea.

The district judge then questioned Gonzales, through an interpreter, as to whether he agreed with what defense counsel had told the court and as to whether he understood what defense counsel had said. Gonzales responded "Yes" to both of these questions. The district judge continued, asking if the defendant wished to change his plea to guilty in return for the state dropping one of the felony charges, to which Gonzales answered "Yes." The district judge then enumerated each of the rights and privileges which Gonzales would be waiving by pleading guilty, including the right to trial by jury, the right to confront witnesses against him, the right to call witnesses in his behalf, and the right against self-incrimination. The court also recited the presumption of innocence which the state must overcome by proof beyond a reasonable doubt. Before accepting Gonzales' guilty plea, the district judge asked him if he understood that he was giving up those rights by pleading guilty, to which Gonzales responded "Yes." Finally, the

court advised Gonzales that the court was not bound by the sentencing recommendations from either the prosecutor or defense counsel.

Gonzales relies on *State v. Carrasco,* *supra; State v. Ayala, supra;* and *State v. Rodriguez,* 117 Idaho 292, 787 P.2d 278 (1990) to authorize reversal of his conviction. Gonzales has attempted to compare his situation to that of those three non-English speaking defendants, whose responses to the district court's questions at the time they entered their pleas did not affirmatively show that they understood the consequences of pleading guilty. *See* *State v. Colyer,* 98 Idaho 32, 557 P.2d 626 (1976). However, the facts in the record before us compel us to distinguish Gonzales' change of plea.

In *Ayala,* the defendant gave bizarre answers to the district judge's questions about the impact of his entering a guilty plea. In *Rodriguez* and *Carrasco,* the defendants gave no response to the district court's questions about the rights each was waiving by entering a guilty plea. There was, as a result, no evidence in the record from which the appellate court could determine that their respective pleas were made with an understanding of the consequences of those pleas. However, faced with Gonzales' affirmative responses to the judge's questions in the case at hand, we conclude that his responses were appropriate and that they demonstrate that Gonzales understood the nature of his plea of guilty.

Gonzales was advised at his arraignments, initially and after the appointment of counsel, that the crime with which he was charged carried a maximum penalty of life imprisonment and a fine. To the extent that Gonzales is arguing that this information should have been restated at the hearing to accept his guilty plea, we have previously held that neither our rules nor the Constitution requires a complete contemporaneous advisement or reminder to validate a guilty plea. *State v. Carrasco,* 114 Idaho 348, 757 P.2d 211 (Ct.App.1988), *rev'd on other grounds,* 117 Idaho 295, 787 P.2d 281 (1990). We conclude, therefore, that the record as a whole discloses the validity of the guilty plea.

The second issue raised by Gonzales in his appeal regards the severity of his sentence. He argues that an eight-year prison term, with five years fixed, is excessive for a first-time felony conviction and that the sentence was an abuse of discretion by the sentencing judge. He also argues that the district judge focused only on the offense and failed to consider the character of the defendant and sentencing options other than incarceration.

Our standard of review of the length of a sentence is well settled; a sentence will not be disturbed unless it appears that the sentence is an abuse of discretion. *State v. Hooper,* 119 Idaho 606, 809 P.2d 467 (1991); *State v. Way,* 117 Idaho 594, 790 P.2d 375 (Ct.App.1990). A sentence may represent an abuse of discretion if it is shown to be unreasonable under the particular facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982); *State v. Morrison,* 119 Idaho 229, 804 P.2d 1360 (Ct.App.1991). The reasonableness of a sentence must be considered in light of the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). In this case, we examine the minimum period of confinement of five years in evaluating the reasonableness of Gonzales' sentence. *See* *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989).

Gonzales could have received life imprisonment for his crime pursuant to I.C. § 37–2732(a)(1)(A). The court, however, imposed a term of five to eight years. The court was aware that Gonzales was illegally in this country, that he spoke no English and that there was an immigration hold for him to be deported upon release. No presentence report was prepared in aid of sentencing; however, the state indicated to the court that its investigation revealed that Gonzales had no prior convictions. Defense counsel did not request a presentence report, which could have elaborated on Gonzales' character; rather counsel argued for a suspended sentence and eventual deportation to Mexico. We cannot say, there-

fore, that Gonzales has supported his claim that his sentence, which is well below the statutory maximum, is unduly severe.

The district judge rejected defense counsel's argument that the state could ill afford the costs of incarcerating an illegal alien such as Gonzales. The terse comments of the judge at sentencing clearly demonstrate his concern for retribution and for the protection of society from the "poison" being distributed by drug traffickers like Gonzales. As has been stated before, the sentencing goal of protecting society justifies a prison sentence. *State v. Howard*, 112 Idaho 110, 730 P.2d 1030 (Ct.App. 1986). *See generally State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Further enunciation of the court's reasons for imposing a term of confinement is not necessary. We find no abuse of discretion in the sentence ordered by the district court.

 As his final issue on appeal, Gonzales argues that the district court should have reduced his sentence pursuant to his Rule 35 motion. He asserts that the court continued to focus only on the crime of delivery of heroin and that the court's reconsideration of his sentence was perfunctory.

The decision whether to reduce a sentence rests in the sound discretion of the sentencing court. *State v. Swan*, 113 Idaho 859, 748 P.2d 1389 (Ct.App.1988). If the original sentence was not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction. *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App.1987).

Gonzales' Rule 35 motion contained only a request that the district court reduce the sentence imposed on him on October 9, 1990. The progress report supplied to the court by the prison authorities stated that Gonzales was employed at the prison cafeteria and was attending classes in English. He was further described as a non-problematic inmate who got along with other inmates and had incurred no disciplinary violations during his stay at the prison. Gonzales had expressed remorse for his crime which he attributed to running out of work at a local orchard. He had communicated with his family in Mexico and, if released, he would be returned to Mexico via an I.N.S. detainer. At the hearing, Gonzales' counsel's remarks were limited to requesting that the court drop the indeterminate portion of the sentence, leaving only the fixed five years. Counsel offered this as an alternative in the event that the court were to refuse probation.

Although the good conduct of Gonzales while in prison merits consideration in evaluating a Rule 35 motion, it may not be an accurate litmus test of future conduct in a noncustodial setting. *State v. Sanchez*, 117 Idaho 51, 785 P.2d 176 (Ct.App.1990). Where Gonzales had been charged with two separate deliveries of heroin and had pled guilty to one count of delivery under an agreement with the state, the district court did not abuse its discretion in declining to reduce the sentence it had previously imposed. Accordingly, we affirm the judgment of conviction and the sentence as originally imposed.

WALTERS, C.J., and SILAK, J., concur.