**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40912**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 343** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 4, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DUSTIN RAY GOLDEN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order relinquishing jurisdiction and sentence for felony domestic violence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Dustin Ray Golden was charged with one count of attempted strangulation, Idaho Code § 18-923, and one count of domestic violence, I.C. §§ 18-903(a) and 18-918(2), as a result of violence that he inflicted upon his girlfriend. Part II of the information alleged that Golden was subject to a sentence enhancement as a persistent violator pursuant to I.C. § 19-2514. At a pretrial conference, Golden's counsel informed the court that Golden had rejected an offer by the State under which, if Golden would plead guilty to felony domestic violence, the State would dismiss the remaining allegations and dismiss a newly-filed felony charge for failure to register as a sex offender. Upon learning that Golden had rejected this plea offer, the district court became a participant in the plea negotiations. The court's statements included the following:

> And the--the Court would want to see the evaluation from Oregon on domestic violence, but I can throw in my own offer here, and say that the Court *would give serious consideration to retaining jurisdiction, for evaluative*

1

*purposes*, meaning I'd raise the bar, and recommend the conflict resolution program, CRP, which is done at the CAPP facility, as part of the CAPP program. CAPP is a--a program that specializes in substance abuse, that sort of thing.

*No guarantees, but the Court would give serious consideration* for a plea as has been proposed by the State. This is not--the State's not--the State would still be recommending prison straight away; *the Court would be giving--would be willing to give serious consideration to retaining jurisdiction for evaluative purposes*. It's not where the bar's left on the ground and nobody--and everybody get a probation recommendation. It has to be a good rider.

. . . .

And if the Court retained--if the Court retained jurisdiction for evaluative purposes, you would have to do a fine rider before the Court would consider, at the end of the rider, placing you on probation.

The district court also stated, "I'm not going to offer this more than today, and--and that offer's going to go away in about ten minutes, Mr. Golden. . . . [Y]ou need to just tell me whether you're interested in this or not. I'm--I'm not guaranteeing you a rider, but I'm saying I *would give serious consideration to a rider*." After consulting with his attorney about the district court's offer, Golden decided to plead guilty and, pursuant to a plea agreement, entered his guilty plea to felony domestic violence.

At the sentencing hearing, the district court noted that Golden had previously committed approximately ten felonies and that the domestic violence evaluation conducted for purposes of sentencing placed him in the highest risk range for repeat domestic violence. The court then said:

*For the record, the Court did--did give very serious consideration to retaining jurisdiction for evaluative purposes*, and recommending the conflict resolution program. The Court, frankly, was unaware of the number of prior felonies that Mr. Golden had, and I was not aware of what the--was not yet aware of what the results of Tom Wilson's domestic violence evaluation were likely to be.

*And--and so, after giving that serious consideration, the Court has concluded that it will not retain jurisdiction for evaluative purposes*, as the Court had seriously--had committed to seriously considering.

The district court imposed a unified ten-year sentence with six years determinate. The district court also retained jurisdiction, but informed Golden:

[T]here's no circumstance under which the Court will not send you to prison at the end of this rider. What I'm trying to do is to get you some programming, that you might otherwise not get, right up front by send--by retaining jurisdiction for 365 days for--for evaluative purposes only.

2

The difference is only. What I mean by that is I'm going to be sending you to prison at the end of this rider, but I'm going to give you a chance to show me that perhaps the six years fixed isn't right, and that it should be something less than that.

. . . .

If the defendant makes fundamental self-change on this rider, and convinces me at--that he does a genuinely great rider, the Court will consider, at the rider review hearing, reducing--possibly reducing the fixed portion of his sentence. The only actual promise I'm making to the defendant is that I guarantee him a hearing in about six months, the rest of it's going to be completely up to him.

Upon Golden's completion of his rider, the district court relinquished jurisdiction, but also determined that Golden had made some rehabilitative progress during his rider and therefore reduced the fixed term of his sentence to four years.

On appeal, Golden argues that the district court "breached the plea agreement when it reneged on the promise that it would consider placing Mr. Golden on probation if he did well on his rider." This breach of the plea agreement, according to Golden, represented an abuse of the court's sentencing discretion.

This claim of error is not supported by the record because, as the italicized portions of the court's comments quoted above demonstrate, the district court only agreed to consider probation *if* a rider was granted for evaluative purposes. The court also promised to give serious consideration to retaining jurisdiction for evaluative purposes at sentencing. The court's comments at the plea hearing made clear that the court was not making any guarantees or promises of probation and that the court was agreeing only to give serious consideration to retaining jurisdiction for evaluative purposes; it made no promise that it would retain jurisdiction at all, much less that it would retain jurisdiction and give serious consideration to probation thereafter. As the court's statements at the sentencing hearing made clear, the court did not renege on that promise but did, in fact, "give very serious consideration to retaining jurisdiction for evaluative purposes" but, upon seeing the results of Golden's domestic violence evaluation and his criminal record as revealed in the PSI, the court decided against retaining jurisdiction for the purpose of evaluating Golden for probation. Accordingly, Golden's argument that the court abused its discretion by violating the terms of the plea agreement is without merit.

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Hernandez*, 122 Idaho

3

227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992); *State v. Lee*, 117 Idaho 203, 786 P.2d 594 (Ct. App. 1990); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). Therefore, a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct. App. 1991). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that the district court did not abuse its discretion, and we therefore affirm the order relinquishing jurisdiction.

Golden also argues that the court abused its discretion by failing to further reduce Golden's sentence upon relinquishing jurisdiction. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *Toohill*, 103 Idaho at 568, 650 P.2d at 710. When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of Golden's modified sentence. Therefore, the order relinquishing jurisdiction and the sentence, as modified, are affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**