**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41360**

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 558 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 11, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TYLER JERMANE OWENS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge
_____

PER CURIAM

Tyler Jermane Owens was convicted of criminal possession of a financial transaction card, Idaho Code § 18-3125. The district court sentenced Owens to a unified term of four years, with a minimum period of confinement of two years, and retained jurisdiction. At the conclusion of the retained jurisdiction program, the district court relinquished jurisdiction and ordered execution of Owens' sentence, reducing the determinate term to one year. Owens appeals the court's decision to relinquish jurisdiction and contends that the court abused its discretion in failing to further sua sponte reduce his sentence upon relinquishing jurisdiction.

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Hernandez*, 122 Idaho

1

227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992); *State v. Lee*, 117 Idaho 203, 786 P.2d 594 (Ct. App. 1990); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). Therefore, a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct. App. 1991). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We therefore hold that the district court did not abuse its discretion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *Toohill*, 103 Idaho at 568, 650 P.2d at 710. When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying the foregoing standards and having reviewed the record in this case, and assuming Owens can challenge the district court's failure to further reduce his sentence sua sponte, we cannot say that the district court abused its discretion in ordering execution of Owens' modified sentence. Therefore, the order relinquishing jurisdiction and directing execution of Owens' previously suspended sentence is affirmed.