## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41871

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 797 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 3, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| WILLIAM JERMAINE FLETCHER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order relinquishing jurisdiction, and order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Erik R. Lehtinen, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

William Jermaine Fletcher entered an *Alford*[1] plea to one count of injury to a child, Idaho Code § 18-1501(1). The district court sentenced Fletcher to a unified term of ten years with three years determinate, and retained jurisdiction. Fletcher filed an Idaho Criminal Rule 35 motion timely from the judgment of conviction and order of retained jurisdiction. Less than two months into the retained jurisdiction program, the Idaho Department of Correction recommended relinquishing jurisdiction. The district court relinquished jurisdiction and ordered execution of Fletcher's sentence without reduction. Fletcher filed three addenda to his Rule 35 motion and

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

filed a motion to amend a no-contact order. The district court denied Fletcher's Rule 35 motion as well as the motion to amend a no-contact order. Fletcher appeals the court's decision to relinquish jurisdiction and the denial of his Rule 35 motion.

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992); *State v. Lee*, 117 Idaho 203, 786 P.2d 594 (Ct. App. 1990); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). Therefore, a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct. App. 1991). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that the district court did not abuse its discretion, and we therefore affirm the order relinquishing jurisdiction.

Next, we review whether the district court erred in denying Fletcher's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984). Upon review of the record, including any new information submitted with Fletcher's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's decision to relinquish jurisdiction and the order denying Fletcher's Rule 35 motion are affirmed.