**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45732**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 4, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SARAH LYNN MAYBIN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Order relinquishing jurisdiction after retained jurisdiction, <u>affirmed</u>; order denying Rule 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Erik R. Lehtinen, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

_____

PER CURIAM

Sarah Lynn Maybin pled guilty to possession of a controlled substance. Idaho Code § 37-2732(c)(1). The district court sentenced Maybin to a unified term of five years with two years determinate and retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction and ordered the underlying sentence executed. The district court denied Maybin's oral request for a sentence reduction. Maybin appeals, claiming that the district court abused its discretion by relinquishing jurisdiction without reducing her sentence.

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Hernandez*, 122 Idaho

1

227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992); *State v. Lee*, 117 Idaho 203, 786 P.2d 594 (Ct. App. 1990); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). Therefore, a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct. App. 1991). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that the district court did not abuse its discretion, and we therefore affirm the order relinquishing jurisdiction.

A motion for reduction of sentence under Idaho Criminal Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Maybin's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Maybin's Rule 35 motion is affirmed.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in relinquishing jurisdiction or by denying Maybin's Rule 35 motion. Therefore, the orders relinquishing jurisdiction and directing execution of Maybin's previously suspended sentence and denying Maybin's Rule 35 motion are affirmed.